CHARLES HANSON, JOHN GRAYAM and JAMES K. EDSALL, Plaintiffs in Error, *v.* JACOB ARMSTRONG, Defendant in Error.

ERROR TO LEE.

Before a party can introduce the copy of a deed, he must lay the proper foundation, and then he must introduce a copy from the record book, not the book itself.

It is not necessary in ejectment, to make any other party than the occupant a defendant; a judgment against him binds all persons who are in privity.

THIS was a declaration in ejectment, in the usual form, by defendant in error, against plaintiffs in error, filed in the Lee county Circuit Court, as of the June term, A. D. 1858, for premises therein particularly described, together with notice of rule to plead, affidavit of service, etc.

Plea not guilty, etc., by plaintiffs in error, to which defendant in error added a *similiter*.

Trial by jury at November term, 1858, of Lee Circuit Court, and verdict for defendant in error. Motion for a new trial by plaintiffs in error, which was overruled by the court, and judgment thereupon for defendant in error.

The bill of exceptions shows the following: Defendant in error, to maintain the issue on his part, introduced in evidence a deed for the premises in question from John Manehan and wife to Samuel Herrick.

Defendant in error called as a witness *Henry T. Noble*, who testified that he knew the bounds of the old Gilbraith estate, and the premises in controversy, they being part of the same; knew that Gilbraith owned the premises in question, and other grounds; Grayam, one of defendants below, is now in possession of some of said lands, and was so in possession June 29th, 1858; Mr. Manehan succeeded Gilbraith in the possession of the premises; Herrick has possession of some of lands now; he gave up possession of remainder to Hanson several years since; do not recollect precise time Grayam, one of the defendants below, succeeded Hanson in the possession of the premises in controversy, and has been in possession of the same for more than a year prior to June 29th, 1858.

Whereupon the plaintiffs in error admitted, for the purposes of the trial, that defendant, Grayam, was, at the time of the commencement of the suit, in the sole and exclusive actual possession and occupancy of the premises described in plaintiffs' declaration.

Defendant in error next gave in evidence a deed for premises in question, from Samuel Herrick to himself.

Defendant in error thereupon offered to read in evidence from book B. of powers of attorney, kept by the recorder of Lee county, the copy of an instrument purporting to be an assignment of the premises in question, among other things, from Hanson, plaintiff in error, to plaintiff in error, Edsall, for the benefit of Hanson's creditors, to the reading of which, from said book of records, the plaintiffs in error objected. Objection overruled by court, and such record was thereupon read to the jury accordingly.

The cause was then submitted to the jury.

The defendants (plaintiffs in error) asked the court to instruct the jury as follows:

1st. That unless the evidence shows that the plaintiff (defendant in error) has a good legal title to the premises in question, the jury should find for the defendants.

2nd. That if the evidence and admission of the respective parties show that the defendant, Grayam, was in the sole and actual possession and occupancy of the premises in question at the time of the commencement of this suit, the jury should find the defendants, Hanson and Edsall, not guilty; even if the evidence shows that they, said Hanson and Edsall, claimed title to the premises in question.

3rd. That unless the jury believe, from the evidence, that the premises in question, at the time of the commencement of this suit, were vacant and unoccupied, the jury should find the defendants, Hanson and Edsall, not guilty, notwithstanding the jury should believe, from the evidence, that they, said Hanson and Edsall, claimed title to the premises.

4th. That if the jury believe, from the evidence, that defendant, Grayam, was in the actual possession of the premises in question, and resided thereon at the time of the commencement of this suit, and also that defendants, Hanson and Edsall, were not in possession, but claimed title to, or some interest in, the same, the jury should find in favor of said defendants, Hanson and Edsall.

5th. That it is only in cases where lands are vacant and unoccupied that this form of action, ejectment, can be maintained against parties upon the ground that they claim title to, or some interest in, such lands.

The court refused to give said 2nd, 3rd, 4th and 5th instructions, to which refusal the defendants (plaintiffs in error) excepted. And the court thereupon gave said 1st instruction, but appended thereto, of its own motion, the following qualification, to wit: " If the jury believe, from the evidence, that the plaintiff has shown a legal title, derived from a party shown to have been in possession of the premises several years ago, this,

in the absence of any title shown by defendants, is sufficient to authorize the finding of a verdict for plaintiff. If the jury also find that the defendants, at the time of the commencement of this suit, were in possession of said premises, or claimed title thereto, the jury can find one or more of defendants guilty, or one or more or all of defendants not guilty."

To the giving of which said qualification of said 1st instruction, the defendants below, by their attorney, excepted.

The errors assigned are as follows:

1st. That the court erred in admitting evidence objected to.

2nd. That the court erred in refusing instructions asked for by plaintiffs in error.

3rd. That the court erroneously qualified instructions of plaintiffs in error.

4th. That the court erred in overruling motion for a new trial.

5th. That the court erred in rendering judgment, etc.

JAMES K. EDSALL, for Plaintiffs in Error.

B. C. COOK, for Defendant in Error.

WALKER, J. The evidence in this case shows that Gilbraith was first in possession of the premises in controversy. Also that Manchan succeeded him in its possession, and that he conveyed it to Herrick, who succeeded Manchan, and was in possession of a portion, at the time of the trial. That Hanson acquired the possession of another portion under Herrick, and that Grayam succeeded Hanson in the occupancy of that portion, and had so continued, till the time of the trial below. The plaintiffs below also read in evidence, a deed from Herrick to himself, and produced the book of record of deeds, from which he read, what purported to be the copy of a deed from Hanson to defendant Edsall, in trust, for the benefit of his creditors. To the introduction of which, defendants excepted. Upon this evidence and under the instructions of the court, the jury rendered a verdict of guilty against all of the defendants, and found that plaintiff below was seized of an indefeasible estate in fee simple, in the premises described in the declaration. Defendants entered a motion for a new trial, which the court overruled, and rendered a judgment on the verdict. To reverse which this writ of error is prosecuted.

The defendant in error by conveyances, connected himself with Herrick, from whom the defendant Grayam derived his possession. Hanson succeeded Herrick in the possession of this portion of the premises, and Grayam succeeded Hanson,

and the presumption is, that Hanson entered into possession under Herrick, and if so, he nor those claiming under him, have any right to dispute the title of Herrick or his grantee. This evidence established *prima facie* a right of recovery by defendant in error, as against Grayam, and no evidence was adduced to rebut this *prima facie* case, and failing to do so, the right to recover against Grayam, was sufficient.

If Hanson or Grayam held under a different title from that of Herrick, it should have been shown to defeat a recovery against Grayam.

Again, it was objected that the plaintiffs below failed to lay the proper foundation for the introduction of the copy of the deed from Hanson to Edsall, and that the court erred in admitting it in evidence. The bill of exceptions fails to show that any foundation by affidavit or otherwise was laid. There was no proof of the loss of the original, or that search had been made, or that the original was not in the possession or power of the party offering the copy. No foundation was laid making the copy admissible either at common law or under the statute, and the court erred in permitting it to be read. *Booth* v. *Cook*, 20 Ill. R. 129; *Rankin* v. *Crow*, 19 Ill. R. 626; *Mariner* v. *Saunders*, 5 Gilm. R. 117; *Roberts* v. *Haskell*, 20 Ill. R. 59. Even if the proper foundation had been laid for the introduction of a copy under the statute, it only authorizes a copy certified to be a true copy from the records to be used, and it was error to introduce the book against the objection of the opposite party. The right to use the copy is given by statute, and when claimed, the statute must be complied with by the party availing himself of its provisions.

It is also urged that the defendant in error had no right to recover against defendants not connected by possession or title with those in the occupancy of the land. And that the court erred in refusing so to instruct the jury. The 4th sect. 36th chap. R. S. 1845, p. 205, provides that, " If the premises for which the action is brought, are actually occupied by any person, such actual occupant shall be named defendant in the declaration ; if they are not so occupied, the action shall be brought against some person exercising acts of ownership on the premises claimed, or claiming title thereto, or some interest therein, at the commencement of the suit." By the provisions of this section the action of ejectment can only be brought against the person in possession of the premises if they are occupied, or against a person claiming title, etc., when out of possession and the premises are vacant and unoccupied. When occupied, persons not in possession cannot be made defendants to the action. When a recovery is had against the occupant, the judgment

binds not only him, but all persons under whom he occupies, together with all persons in privity of estate or possession with himself. When a recovery is had against a tenant, the landlord is bound by it. So a recovery against a tenant in common who holds for himself and under the other tenants in common, is binding upon all his co-tenants as well as himself. There is, therefore, no necessity for making any other than the occupant a defendant to bind all persons in privity, by a recovery. And if there is no privity between those in and those out of possession, by joining them would involve the necessity of trying two or more separate, distinct titles and causes of action, in one suit. This was not the practice before, nor is it since the adoption of this statute. The court below, therefore, erred in not giving some one of the appellants' instructions numbered two, three, four and five, all of them containing the same proposition, it was immaterial which, but some of them should have been given.

For these errors the judgment of the Circuit Court must be reversed, and the cause remanded.

*Judgment reversed.*