## William Bryan

*v.*

## The City of East St. Louis.

*Filed at Mt. Vernon November 16, 1882.*

Appeal—*whether it lies to this court.* On a bill by the owner of a lot alleging such ownership and actual possession, and that no proceedings were ever instituted to dispossess him of his title, and that the city in which the lots are, had thrown down his fence, and by force and violence interrupted his possession, and praying for an injunction to prevent any further disturbance of his possession, no appeal lies in favor of the complainant directly to this court from a decree dismissing his bill, no freehold being involved. The appeal in such a case should be, in the first instance, to the Appellate Court.

Appeal from the Circuit Court of St. Clair county; the Hon. Amos Watts, Judge, presiding.

Messrs. G. & G. A. Kœrner, for the appellee, in support of the motion to dismiss the appeal, made the following points:

No freehold was involved. The only thing sought is the prohibition of an alleged trespass. There is, at most, only a possessory right at issue. There is no prayer to remove any adverse claim to the land as a cloud upon the title of the complainant. The appeal should therefore be dismissed. *Grand Tower Mining Co.* v. *Hall*, 94 Ill. 152; *Gage* v. *Busse*, 94 id. 590; *Carbine* v. *Fox*, 98 id. 146; *Richards* v. *People*, 100 id. 424.

Mr. F. A. Conaughy, and Messrs. Wilderman & Hamill, for the appellant, *contra:*

The record shows that this is in effect a suit to quiet the title of the complainant in possession of the land, against the claims of the defendant, claiming the same under the pretense that it is a street of the city. The land was once

occupied as a plank road, and on the abandonment of that road the easement terminated, and complainant fenced the ground. The city now threatens to remove the fence, and appropriate the soil for a public highway. To prevent the defendant from carrying its threat into effect this suit was brought, to protect the appellant in the peaceable possession of his freehold against the groundless claim of the city, and the result of an abuse of its powers. In such case an injunction lies. Story's Eq. Jur. sec. 927.

Complainant has a right to have his title quieted, and have the interruption or disturbance of his possession prevented by the interposition of the power of a court of equity. *Dudley* v. *Frankfort,* 12 B. Mon. 610.

Appellant's possession, and claim of title involved, is nothing if not a freehold, and the right claimed by the defendant is not less than a freehold.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case sets forth, that since 1871 William Bryan has been the owner in fee of lots 79 and 80, in block 36, of the platted town of Illinois City, and since that time occupied such premises as a homestead, and has had possession of such lots during all that time, except that part of lot 79 occupied by the plank road of the Collinsville Plank Road Company, and that in the year 1879 the plank road company abandoned its road, and since then he has had both lots inclosed, and paid all taxes assessed against such property; that in March, 1881, the city of East St. Louis, by its officers, tore down complainant's fences, and by force and violence prevented him from reërecting the same, under the pretense the land in question was and is a public street, and that it was never attempted by any one to divest complainant of his title to the premises by any proceeding at law. The answer of defendant admits the forcible acts complained

of, and attempts to justify by averring there had been a public highway over the premises, and which had been "used continuously for more than forty years." A replication was filed to the answer, and on the hearing of the case the circuit court dismissed the bill, and complainant brings the case directly to this court on appeal.

A motion has been made to dismiss the appeal on the ground this court has no jurisdiction in the first instance to hear the appeal, which motion must be allowed to prevail. It is obvious no question is involved that will give this court jurisdiction of the appeal. Admitting, as is alleged, that complainant is the owner of the premises, and was in the actual possession of the same, and that no one had ever instituted any proceeding at law to dispossess him of his title, the utmost that can be insisted upon is, that defendant has, by force and violence, interrupted his possession, and threatens to continue such trespasses. In the controversy, as stated by complainant in his bill, no freehold is involved, nor indeed any other question that would give this court jurisdiction to hear the appeal in the first instance. The appeal should have been taken to the Appellate Court of the proper district.

The appeal must be dismissed, which is done, with leave to appellant to withdraw record, abstracts and briefs, for the purpose of filing the same in the Appellate Court, if he shall wish to do so.

*Appeal dismissed.*