# THE SOUTH PARK COMMISSIONERS

## *v.*

## MARIA E. GAVIN.

*Filed at Ottawa October 31, 1891.*

1. EJECTMENT—*form of declaration.* The statute requires but one form of declaration in the action of ejectment. Whether the suit is brought to recover land in the actual possession of the defendant, or vacant and unoccupied land, the declaration is the same. In either case it is sufficient for the plaintiff to aver that on some day after his title accrued he was possessed of the premises, describing them, and being so possessed, the defendant afterward, on a day stated, entered into such premises and unlawfully withholds possession thereof, to the plaintiff's damage, etc.

2. SAME—*possession—of pleadings—plea and replication.* In ejectment against C and D, the latter filed a special plea denying that he was in the possession of the premises, which was verified. The plaintiff replied, that before and at the commencement of the suit the premises were actually occupied, and that the defendant C was in actual occupancy thereof, and that the defendant D did, when, etc., and does claim some title or interest in and to said premises: *Held,* that the replication was good without alleging that C was in possession under or in privity with D.

3. Section 22 of the Ejectment law is intended to apply to the different cases as they may arise. If the suit is brought to recover possession under the first clause, the defendant may deny possession, and thereby defeat the action, unless possession is shown. If persons are made parties defendant who are not in possession, upon the basis that they are claiming title or interest in the premises, they may put in issue that fact, the same as if the suit was brought to recover vacant land under section 7 of the statute. In the latter case a plea denying possession presents an immaterial issue.

4. Section 22 of the Ejectment act dispenses with proof of either the defendant's possession of the premises, or that defendant claims some title or interest therein, or of the demand for possession before suit, unless such facts are put in issue by special plea, verified by affidavit. Under this section a special plea denying the defendant's possession will not put the plaintiff to the necessity of proving that the defendant claims some title or interest in the premises.

5. On the trial of an action of ejectment against the occupant and claimants of title or interest in the land, the plaintiff must recover on

the strength of his own title, and if he is beaten, the rights of the several defendants will remain unaffected thereby.

6. SAME—*against tenant, conclusive upon landlord.* A recovery in ejectment against the tenant in possession is conclusive upon the landlord who has had notice of the pendency of the suit and an opportunity to defend.

7. SAME—*joinder of defendants.* Under our present statute, a plaintiff in ejectment may, when he sues one in the actual occupancy of the premises, join with such occupant, not only those in privity with him, but also all persons claiming any title or interest in the premises, as co-defendants, and thus have all conflicting titles and claims settled in that suit.

8. By our statute the action of ejectment is retained, and extended so as to embrace cases where the writ of right would lie at common law. At the common law the action of ejectment laid only against the party in possession, unless brought against the casual ejector; and the same was true of the writ of right. In both actions persons claiming title through independent and distinct sources could not be joined as defendants, and if they were, the misjoinder could be pleaded in abatement.

APPEAL from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. H. S. McCARTNEY, for the appellants:

The plea is good, for the reason that when the premises are occupied a claimant of title adverse to both occupant and plaintiff can not be joined as defendant. Ejectment act, secs. 6, 7, 11, 19, 21, 22; *Dickerson* v. *Hendryx*, 88 Ill. 66; *Warren* v. *Nexsen*, 3 Scam. 38; *Safford* v. *Vail*, 22 Ill. 327.

At common law the joinder of another, even a landlord with its occupant, was irregular. 3 Blackstone's Com. chap. 11; *Goodright* v. *Rich*, 7 T. R. 327; *Owen* v. *Fowler*, 24 Cal. 192; *Owen* v. *Morton*, id. 373; *Philbrick* v. *Goodwin*, 7 Blackf. 18; *Fenin* v. *Wood*, 1 B. & P. 873; *Green* v. *Liter*, 7 Cranch, 229.

The law of 1845 did not change the common law rule as to the non-joinder of others than the occupant. *Hanson* v. *Armstrong*, 22 Ill. 442.

The alleged possession of Cross was taken by collusion with the plaintiff for the purpose of maintaining the action.

Messrs. SMITH & HARLAN, for the appellee:

Though not in possession of the premises, and not in privity with the actual occupant thereof, the South Park Commissioners were properly joined as co-defendants with the actual occupant, and the judgment was properly rendered against the board of commissioners, as being claimants of an interest in the premises. *Lowe* v. *Emerson*, 48 Ill. 160; *Hanson* v. *Armstrong*, 22 id. 442; *Oetgen* v. *Ross*, 47 id. 142; Ejectment act, sec. 6.

The declaration is required by the statute to be the same whether the premises are occupied or vacant. *Dickerson* v. *Hendryx*, 88 Ill. 66.

The South Park Commissioners claim some title or interest in the premises. Their failure to deny such fact by special plea, under the statute, relieves the plaintiff of having to prove it, and amounts to an admission that they do claim some title or interest in the premises. *Wieland* v. *Kobick*, 110 Ill. 16; *Bradish* v. *Grant*, 119 id. 606.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an action of ejectment, by Maria E. Gavin, against Thomas Cross and the South Park Commissioners. Declaration in usual form. The South Park Commissioners pleaded the general issue, and by leave filed the following additional plea: That to "so much and such part of the declaration, etc., as alleges that at the time of the commencement of this suit said premises were actually occupied by said defendant South Park Commissioners, the said defendant, etc., comes and says that said plaintiff ought not to have or maintain her aforesaid action against this defendant, for that the said South Park Commissioners were not in possession of the premises described in the declaration, and of this it puts itself upon the country," etc. A demurrer to this plea was overruled, and replication that before and at the commencement of the suit

the premises were actually occupied, and that the defendant Thomas Cross was in actual occupancy thereof, and that defendant the South Park Commissioners did, when, etc., and do claim some title or interest in and to said premises, was filed. The defendant commissioners demurred specially to said replication, and the only cause assigned, now insisted upon, is, that it is not alleged that said premises were in possession of Cross, and that he was in possession under or in privity with said South Park Commissioners. The demurrer was overruled, and said defendant elected to abide by it.

Defendant Cross was defaulted. Jury was waived, and the issues tried by the court, by consent. It was stipulated by the parties plaintiff and the South Park Commissioners, that the plaintiff, at the bringing of this suit and at the trial, was the owner of the fee simple title to the tract of land described in the declaration, and that Thomas Cross was, at the time of suit brought, in the actual possession of the premises, the defendant commissioners reserving the right to show that Cross was in possession as the servant and agent of plaintiff, and that he was not in under or in privity with said defendant. The court found plaintiff seized in fee, and that the South Park Commissioners claimed title unlawfully, and rendered judgment accordingly, and for costs, and awarded writ of possession. The South Park Commissioners alone prosecute this appeal.

Two points are raised and insisted upon for reversal,—first, that the possession of Cross was collusive, merely, and obtained by plaintiff to enable her to bring ejectment, instead of filing a bill to quiet title or to remove the claim of title of the commissioners, wherein she would have been required to do equity by repaying them large sums of money advanced by them for taxes, penalties and costs, etc.; and second, the overruling of the demurrer to the replication to defendant's special plea.

In respect of the first point, it may be said that if the question of the fraudulent collusion insisted upon properly arose

under the issues made, the finding of the trial court is sustained by the evidence. While there are circumstances shown that raise an apparently well grounded suspicion that Cross really entered into possession at the suggestion and for the benefit of the plaintiff, and really under her title, after her purchase of the outstanding Ogden title, the evidence flatly contradicts that theory, and we are satisfied, upon the whole evidence, with the finding of the trial court, which was to the effect that Cross' possession was adverse to the plaintiff, and wrongful.

The second point presents a question not heretofore passed upon by this court, nor are we referred to adjudications elsewhere, where the practice has been settled under statutes similar to our own. The question, waiving for the present the manner in which it is raised, is, whether, where ejectment is brought against one in actual occupancy of the land, others, not in possession, but claiming title not in privity with the *terre* tenant, can be joined as co-defendants. By statute the common law action of ejectment is retained, and may "be brought in the cases and manner heretofore accustomed," subject to the provisions in the act contained, and may also be brought in the cases where the writ of right would lie at common law. Without discussion of the reasons, it may be conceded that at common law the action was to be brought only against the tenant in possession, unless brought against the *casual ejector,* in which case, to authorize a recovery by the plaintiff, notice was required to be given the tenant in possession, if there was one. (Blackstone's Com. p. 133, chap. 11.) And also in cases where a writ of right was brought, the suit must be against the tenant of the freehold demanded. In neither case could persons claiming title through independent and distinct sources be joined as defendants, and if they were, the misjoinder could be pleaded in abatement. Blackstone's Com. *supra; Goodright* v. *Rich et al.* 7 T. R. 327; *Owne* v.

*Fowler,* 24 Cal. 192 ; *Philbric* v. *Goodwin,* 7 Blackf. (Ind.) 18 ; *Green* v. *Liter,* 7 Cranch, 229.

Section 4, chapter 36, of the Revised Statutes of 1845, provided : "If the premises against which the action is brought are actually occupied by any person, such actual occupant shall be named defendant in the declaration. If they are not so occupied, the action shall be brought against some person exercising acts of ownership over the premises claimed, or claiming title thereto or some interest therein, at the commencement of the suit." In *Hanson et al.* v. *Armstrong,* 22 Ill. 442, after quoting the foregoing section of the statute, it is said : "By the provisions of this section the action of ejectment can only be brought against the person in possession of the premises, if they are occupied, or against a person claiming title, etc., when out of possession, and the premises are vacant and unoccupied. When occupied, persons not in possession can not be made defendants to the action." And after holding that a judgment against a person in possession bound not only such person, but all persons in privity of estate or possession with him, it is said : "And if there is no privity between those in and those out of possession, by joining them will involve the necessity of trying two or more separate, distinct titles and causes of action in one suit. This was not the practice before, nor is it since, the adoption of this statute." It is clear that the practice in the respect indicated was not changed by the statute of 1845 from what it was at common law.

By the subsequent cases of *Oetgen* v. *Ross,* 47 Ill. 146, and *Lowe* v. *Emerson,* 48 id. 160, the doctrine pronounced in *Henson* v. *Armstrong, supra,* "that when a recovery is had against a tenant, the landlord is bound by it," was limited in effect to landlords who had notice of the pendency of the suit against the tenant. It is said in the cases last cited : "Where a landlord has been notified by his tenant, or otherwise, of the pendency of the suit, and has an opportunity to defend, he must

be held to be concluded by a judgment for the plaintiff, and liable to be evicted if the tenant has surrendered possession to him, although the judgment may have been only against the tenant in name.    But this liability to eviction under such a judgment proceeds    *    *    *    from the fact that the action of ejectment must be brought against the person in actual possession, and when brought against a tenant, and the landlord is duly notified, he is to be regarded as really in court, with full power to control the defense, so far as it will benefit his own interest, or have himself made party defendant on the record."    Hence, it was said, if the landlord had notice from his tenant, "or otherwise," of the pendency of the suit, he may appear and defend, and would be concluded by the judgment against his tenant.

It will be unnecessary to further consider these cases.    However, it is not at all improbable, as again suggested by counsel, that the cases last referred to, which were decided in 1868, may have led to the amendment of the statute in 1872.    Section 4 of the act of 1845 was there divided, and forms part of sections 6 and 7 of the act of 1872.    Section 6 is as follows : "If the premises for which the action is brought are actually occupied by any person, such actual occupant shall be named defendant in the suit."    Thus far it was a simple re-enactment of the first clause of section 4 of the act of 1845, and then follows the amendment, for the first time incorporated in the statute,—"and all other persons claiming title or interest to or in the same may also be joined as defendants."    Section 7 is the same as the latter clause of section 4 of the act of 1845.

· The decision of the question involved turns upon the construction to be given to the added words in the statute of 1872. The plain meaning of these words would seem to be, that where a suit is brought to recover premises actually occupied, the actual occupant must be made defendant, and all other persons claiming title to or interest in the same premises may be joined with the occupant as defendants.    We are aware of

the familiar rule that in construing statutes we must look to the law as it stood prior to the passage of the act, and the mischief sought to be remedied. What was this mischief? If premises were vacant and unoccupied, ejectment might be brought against one exercising acts of ownership on the premises, or claiming title thereto or some interest therein, at the commencement of the suit, and as applicable to all such cases the statute remains unchanged. As to premises occupied, suit could be brought only against the tenant in possession, with the right to bring in the landlord under whom he claimed, if there was one. In respect to property in actual adverse occupancy to the plaintiff, however wrongfully, there was no way by which the plaintiff in ejectment could try his title as against persons exercising ownership upon the premises or claiming title or interest therein. But after recovering against the tenant in possession he must resort to as many suits in equity as there were claimants to the title or interest, to relieve himself from the burden of such claims of title. In addition to this, as shown by the cases before referred to, where a suit was brought against the tenant in possession, if the relation of the landlord and tenant was not disclosed, so that the landlord might be otherwise notified in case the tenant failed to notify him of the litigation, plaintiff would be compelled, after recovery against the tenant, to establish his title as against the landlord. The legislature passed section 6 of the Ejectment act in its present form, and the purpose seems to have been to permit the plaintiff, once for all, to try his title as against all persons in possession, or who may be claiming title or interest therein, instead of compelling him to resort to a series of suits to accomplish the same end.

It is said to be anomalous in the law of ejectment to permit the trial of several distinct issues. If so, it is an anomaly introduced by the law-making power, and is binding alike upon the citizen and the courts. We are of the opinion that under the statute now in force, in an action of ejectment brought to

recover land in actual occupancy of some person, it is entirely competent to join with the tenant in possession, not only those in privity with him, but all persons, whether in privity with him or not, who claim title or interest in the premises in controversy, as co-defendants. On the trial the plaintiff must recover on the strength of his title, and if he is beaten, the rights of the several defendants will remain unaffected thereby, and may be the subject of such further litigation as is necessary, under the law, to determine their respective titles and interests.

Section 22 of the statute now in force provides: "It shall not be necessary for the plaintiff to prove that the defendant was in possession of the premises, or claimed title or interest therein, at the time of the beginning of the suit, or that the plaintiff demanded the possession of the premises, unless the defendant shall deny that he is in such possession, or claims title or interest therein, or that demand of possession was made by special plea, verified by affidavit." The provision of this section relative to proof of claim to title or interest therein at the time of beginning suit, is a new provision, and dispenses with proof by the plaintiff of either claim of title or interest by the defendant, unless denied by special plea, verified by affidavit. This is conceded; but it is said that by the declaration appellant was proceeded against as in possession of the premises, and that a plea is therefore good which denies possession, and thereby puts the plaintiff upon proof thereof, without denying claim of title or interest. The form of the declaration, or what shall be sufficient averments therein, is given in the statute, and we held in Dickerson v. Hendryx, 88 Ill. 66, that a declaration following the statute was sufficient, whether the land was occupied or vacant and unoccupied, and this is manifestly so. By the statute it is sufficient for the plaintiff to aver that on some day after the title accrued he was possessed of the premises, (describing them,) and being so possessed, the defendant afterward, on a day stated, entered into such premises, and unlawfully withholds posses-

sion thereof, to plaintiff's damage, etc. If the action was brought to recover a vacant and unoccupied tract of land no other averments are necessary, and it is clear that a plea by the defendant in such a case, denying the possession, would be no answer to the declaration, and that if he desired to put the plaintiff upon proof that he claimed title, he must deny the same by his plea. Section 22, before quoted, is intended to apply to the different cases as they may arise. Where the suit is brought to recover occupied premises, under the first clause the defendant may deny possession, and thereby, unless possession is proved, defeat the action as to himself. If persons are made parties to such proceeding who are not in possession, but upon the basis that they are claiming title or interest in the premises, they may put in issue that fact by special plea, precisely as they would do if the suit was brought to recover vacant and unoccupied lands under section 7 of the statute.

It is obvious, therefore, that if, as held by the court, the special plea was a good plea to the whole declaration, the replication was also good. As before the amendment, a defendant may plead specially, denying possession, and thereby put the plaintiff upon proof of possession, if possession by such defendant is necessary to the recovery by the plaintiff. And in like manner a defendant may deny claim of title, and thereby put plaintiff upon proof thereof, or may plead denying both possession and claim of title or interest, and defeat the action as to himself, and recover his costs, unless proof is made of the possession or claim of title. As the record stood, the plea was a good plea, but upon the facts as subsequently disclosed it presented an immaterial issue, the plaintiff being entitled to recover notwithstanding the matters set up in the plea, because this defendant claimed title, and the premises were occupied by its co-defendant, Cross, adversely to plaintiff. It therefore follows that the matters set up in the replication in avoidance of the plea presented a good answer to the plea, and

19—139 ILL.

the demurrer to it was properly overruled. As the premises were occupied, and the occupant was made a defendant, recovery could be had against the co-defendant, the commissioners, because they claimed title to the land described in the declaration. This the replication, in effect, alleged.

Finding no error in this record, the judgment of the circuit court is affirmed.

*Judgment affirmed.*