MARY BROWNMARK, impleaded, etc.

*v.*

MAX LIVINGSTON *et al.*

190    412
s100a  478
190    412
203    556

*Opinion filed April 18, 1901—Rehearing denied June 13, 1901.*

APPEALS AND ERRORS—*when appeal should be taken to the Appellate Court.* An appeal from a decree granting an injunction against the tearing down of a wall, upon a bill filed by the legal holder of a note secured by trust deed on the premises, should be taken to the Appellate Court, where the only controverted question is the location of the true boundary line between the mortgaged premises and the adjoining lot.

APPEAL from the Circuit Court of Cook county; the Hon. C. G. NEELEY, Judge, presiding.

CONSIDER H. WILLETT, for appellant.

EDWARD N. D'ANCONA, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in equity filed by the appellees against the appellants, in the circuit court of Cook county, for an injunction.

The appellee Livingston is the owner of a promissory note bearing date February 1, 1894, for the sum of $2500, executed by Barney and Flora Cohn, and secured by a trust deed to the appellee Simon W. Straus upon lot 6, Charles W. Weston's subdivision of lots 8 and 9, in Forestville subdivision of the north forty acres of the south sixty acres of the east half of the south-east quarter of section 3, township 38, north, range 14, east of the third principal meridian, Cook county, Illinois. The appellants were threatening to tear down, destroy and remove the west wall of a brick building standing upon said lot 6, under a writ of possession issued to the appellant Magerstadt, sheriff of Cook county, in a suit of ejectment

for a recovery of a portion of lot 7, in said subdivision, adjoining lot 6 on the west, commenced subsequent to the execution and recording of said trust deed, to which suit appellees were not parties. The court entered a decree enjoining the appellants from tearing down, destroying or otherwise interfering with the west wall of said building, and an appeal has been prosecuted from such decree to this court.

A motion has been made to dismiss the appeal on the ground that this court is without jurisdiction, no freehold being involved.

It is conceded Cohn is the owner of lot 6 and Brownmark of lot 7. The only controverted question is whether or not a portion of lot 7 is occupied by Cohn's building. A determination of that question does not involve a question of title or ownership, but depends solely upon a determination of the location of the true boundary line between said lots. (*Road District* v. *Miller*, 156 Ill. 221.) Furthermore, the injunction will remain in force only during the life of the trust deed, which may never ripen into a title. A freehold is therefore not involved. (*South Park Comrs.* v. *Gavin*, 139 Ill. 280; *Parker* v. *Shannon*, 114 id. 192; *Gage* v. *Mayer*, 117 id. 632.) The appeal should have been taken to the Appellate Court. *Bryan* v. *City of East St. Louis*, 105 Ill. 144; *Johns* v. *Boyd*, 117 id. 339; *Herdman* v. *Cooper*, 125 id. 359; *LaFleure* v. *Seivert*, 188 id. 525; *Green* v. *Goff*, 153 id. 534; *Nevitt* v. *Woodburn*, 175 id. 376.

The appeal is dismissed, with leave to appellants to withdraw the transcript of record, abstracts and briefs filed by them, and to appellees to withdraw briefs filed by them.                    *Appeal dismissed.*