## Mary Brownmark et al., etc., v. Max Livingston et al.

1. JURISDICTION—*Waiver of Objections to.*—Where a case was dismissed and afterward re-instated, a person who participates in the trial of the cause and offers evidence in his defense without raising any question as to the jurisdiction, is held to have waived the jurisdiction of the court to try the cause.

2. CHANCERY PRACTICE—*Principle that One Must First Seek Remedy at Law Applies to Complainant.*—The principle that one must first seek his remedy at law, applies to the complainant in equity, and not to the defendant.

3. SAME—*Decree Rendered Without Proof is Erroneous.*— In an action, the real question being as to the true boundary line between two lots, a decree rendered without proof upon this point is erroneous.

4. INJUNCTIONS—*Should Not Extend Beyond the Lien of a Trust Deed.* —An injunction, granted to the owner of a trust deed to restrain the destruction of property on the premises subject to the lien, should not extend beyond the lien of the trust deed, and when the lien is discharged the injunction should end.

**Bill for an Injunction.**—Error to the Circuit Court of Cook County; the Hon. CHAS. G. NEELY, Judge, presiding. Heard in this court at the

October term, 1901. Reversed and remanded. Opinion filed March 6, 1902.

**Statement by the Court.**—Defendant in error Max Livingston filed his bill on July 31, 1899, in the Circuit Court of Cook County, alleging, among other things not material to be noted, in substance, that February 1, 1894, Barney Cohn and Flora Cohn, his wife, being indebted in the sum of $3,000, made and executed their two promissory notes of that date, one for $2,500 and the other for $500, payable to the order of themselves, and by them indorsed, payable in five and two years after date, respectively, with interest at six per cent per annum; that complainant is the legal owner of said $2,500 note; that to secure said notes said Barney Cohn and wife, being then the owner in fee of lot six in Weston's subdivision, fully described in the bill, by their trust deed, dated November 1, 1894, conveyed said lot, with the buildings and improvements thereon, to Simon W. Strauss as trustee; that said $2,500 is wholly unpaid, and that "there is erected upon the said premises a two-story brick building, containing a store floor and flat above, which are now occupied by their respective tenants; that the said building, as well as the walls thereof, are built wholly upon said premises above described;" that Magerstadt, sheriff of Cook county, and said Mary Brownmark, with notice of said lien of orator, and in violation of his rights, threatened to enter upon said premises "and tear down and destroy the westerly wall of the building on said premises erected;" that the threatened acts of the defendants would cause irreparable damage and injury to said premises, and to orator. The bill prays an injunction from in any manner removing or destroying said wall, or in any manner interfering with said premises, and from committing any other waste in and about said estate or premises, for answer not under oath, and that the injunction be made perpetual.

Said Brownmark answered the bill, stating that she had no interest in said lot six, but that she was the owner of said lot seven in said subdivision; alleges that she commenced a suit in ejectment on February 1, 1895, against

Barney Cohn, in which she procured a judgment against him and a writ of possession for the east portion of said lot seven particularly described in an exhibit made a part of the answer; that said ejectmemt suit was brought to determine the lot line between said lots six and seven.

Said Magerstadt answered, setting up the said writ of possession, and admits that thereunder he was ordered by Brownmark to give her possession of the property described therein; that he had no knowledge of any rights of complaint, except as set up in the bill, and asked for strict proof in this regard. The bill was subsequently amended by making said Straus a co-complainant, and the cause was heard before the chancellor upon the bill as amended, the answers thereto, and evidence, oral and documentary, taken and offered in open court.

The chancellor rendered a decree enjoining the defendants perpetually as prayed in the bill. To review this decree this writ of error is prosecuted.

Prior to the final hearing, July 5, 1900, which was of the June term, 1900, of the Circuit Court, the cause was dismissed for want of prosecution, and thereafter, on July 28th, at the July term, 1900, of the court, a motion to vacate the order of dismissal was entered, continued, and thereafter sustained, and the order of dismissal vacated.

CONSIDER H. WILLETT, attorney for plaintiffs in error.

EDWARD N. D'ANCONA and JULIAN W. MACK, attorneys for defendants in error.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

First it is claimed that the court had no jurisdiction, after the lapse of the term, to set aside the order dismissing the cause for want of prosecution, and therefore had no jurisdiction subsequently to proceed with the trial and the entry of the decree complained of. No objection appears to have been made to the order of the court vacating the order of dismissal of the cause, nor to the action of the

Brownmark v. Livingston.

court in thereafter trying the cause. In fact, the plaintiffs in error participated in the trial and offered evidence in support of their defense without raising any question as to the jurisdiction of the court. This was a waiver of the question of the court's jurisdiction to try the cause. Herrington v. McCullom, 73 Ill. 476; Schaefer v. Moe, 72 Ill. App. 50, and cases cited.

As will be seen from the statement preceding this opinion, the bill, among other things, alleges in substance that the complainants had a lien by virtue of said trust deed on said lot six, and that there was erected thereon a two-story brick building, and "that the said building, as well as all the walls thereof, are built wholly upon said premises above described." This is a material allegation of the bill, which is denied by the answers; and whether or not the west wall of the said building was upon lot six, conveyed by the trust deed, or was upon said lot seven, was the real and crucial point in controversy in the case. That plaintiff in error Brownmark was the owner of said lot seven, and that Barney Cohn and wife, the grantors of the trustee Straus, were the owners of said lot six, was not questioned. The question was as to the true boundary line between the lots. The defendants in error offered no evidence whatever upon this point, and the learned chancellor excluded evidence of plaintiffs in error which was offered to prove the true boundary line between the lots and the location of said west wall with reference thereto.

The rendition of the decree, without proof upon this point, and the exclusion of the offered evidence of plaintiffs in error in that regard, was, in our opinion, fatal error. It is contended by counsel for defendants in error, in substance, that this was a question which should have been determined in the ejectment suit, to which their clients were not parties, and not being parties, would not be bound by the judgment therein. To state the point in another form, it is, in effect, that defendants in error, complainants in the bill, having come into a court of equity, the plaintiffs in error and defendants to the bill will not be heard to

make a defense in equity, because they should have had the
matter determined at law in an ejectment suit in which
complainants were made parties. A mere statement of the
proposition is sufficient to show its lack of soundness in law
and reason. It is equivalent to saying, we filed our bill in
equity, in a court of conscience, where the defendants will
not be heard to make a defense because they should have
first established it at law. The principle that one must
first seek his remedy at law, applies to the complainant in
equity, not to the defendant. We refrain from a review of
the authorities cited in support of counsel's claim. It seems
sufficient to say that they have no application to the facts
of this case. We think the contention of counsel for
defendant in error, that a judgment in the ejectment suit
against Cohn, to which they were not parties, and of which
Livingston was not notified until after the judgment was
rendered, and the chancellor might have found from the
evidence Straus was not notified until after the judgment,
would in no way bind them under the present statute of
ejectment, Secs. 6 and 7. South Park Comrs. v. Gavin, 139
Ill. 280-6.

Their contention, however, that legal titles can not be
tried in a court of equity, is not sound, as applied to the
facts of this case. An appeal was taken from the decree in
this case to the Supreme Court, and was there dismissed,
the court holding that a freehold was not involved. The
court say (Brownmark v. Livingston, 190 Ill. 412):

" It is conceded Cohn is the owner of lot six and Brown-
mark of lot seven. The only controverted question is
whether or not a portion of lot seven is occupied by Cohn's
building. A determination of that question does not
involve a question of title or ownership, but depends solely
upon a determination of the location of the true boundary
line between said lots."

As to the further points made by plaintiffs in error, it
seems sufficient to say that Cohn and wife, being interested
in the event of the suit, were proper if not necessary parties;
that all proper evidence tending to establish the boundary
line between the parties should be admitted and consid-

Brownmark v. Livingston.

ered, and that under the allegations of the bill, a court of equity has jurisdiction. The decree for injunction should not, in any event, extend beyond the life of the lien of complainants' trust deed. When that lien is discharged, so far as concerns the rights of the present complainants, the injunction should end.

The decree of the Circuit Court is reversed and the cause remanded.