## Archibald Goode v. Illinois Trust & Savings Bank, executor.

### Gen. No. 11,993.

1. JURISDICTION—*when question of, arising from absence of parties, cannot be raised.* The question of the jurisdiction of the court to hear an appeal from a justice of the peace, arising from the absence of one of the defendants, cannot be raised by another defendant who has voluntarily entered a general appearance in the cause, and this is especially true where such appearing defendant has entered into various stipulations in the cause and does not seek to raise the question until the cause has reached the Appellate Court.

2. IMPLIED CONTRACT—*what does not create.* An implied contract, to pay for work done on the demised premises, does not arise from the mere fact that the landlord has seen the workmen engaged in making repairs thereon.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed June 15, 1905.

**Statement by the Court.** Goode recovered a judgment for $58 and costs before a justice of the peace against Flora D. Hill (impleaded as Mrs. Henry L. Hill) and P. L. Austin for work done and material furnished by Goode in making certain repairs upon a building belonging to Mrs. Hill and in the possession of Austin as tenant.

Mrs. Hill filed her bond in and perfected an appeal to the Circuit Court. Pending the appeal she died, and the Bank was made party defendant as her executor. Austin did not appeal, nor was he summoned, nor did he enter his appearance in the Circuit Court. The case was submitted to the court upon the following agreed state of facts:

"On May 1, 1900, P. L. Austin leased the premises at No. 244 Wabash avenue, in the city of Chicago, from Mrs. Henry L. Hill for a term of years. Said lease provided that Austin should make any changes or alterations in said building as might suit his convenience, and that said Austin should be allowed two or three months' rent therefor. Archibald Goode has been a contractor and builder in the city of Chicago for a period of over thirty years. On or about the 13th day of July, 1900, Austin went over the premises heretofore mentioned with said Goode, and employed him to do certain work thereon. Among other things he was to cut out certain brick work at the foot of the rear stairs, and change what had been a window so as to put in a door and transom, making an entrance to the building from Illinois court. He also had to put in some sashes, and furnish certain material, such as doors, sashes, base boards, moulding, locks, etc., and in addition thereto to do certain brick work and plastering. This work was easily worth $59.00. On the 14th day of July said Goode put his men to work on the job in his shop, making the necessary doors, sashes, etc.; and on the 15th he went to the premises with W. H. Kersey as an assistant and began cutting out brick work and putting in some of the material which had been prepared in his shop. He also worked on the 16th and part of the 17th, he and his helper each putting in a total of 26½ hours. During the progress of the work Mrs. Hill was in the building at frequent intervals, and frequently saw Goode at work, but never made any objection or said anything to him. He knew it was Mrs. Hill because Austin pointed her out to him as the woman who owned the property. Mr. Shirra, an attorney and agent for Mrs. Hill, was present on the 15th and once or twice thereafter during the progress of the work, but did not at this time say anything to Goode about the work he was doing. On the 17th day of July Shirra said to Goode: 'Don't do any more work here.' When Goode asked him why, he said that he was the agent of the building, and that there was a law suit pending between Mrs. Hill and Austin in which they were trying to force Austin

out, and that Goode had better not do any more work, as he would not be paid for it. Goode asked him: 'How about the work already done?' Shirra said that the proprietor of the Saratoga Hotel was going to take the premises, and when he took them he might want some further work done, and that when this party took possession, he, Shirra, would see that Goode was paid for what he had done, but that he must not do any more. Shirra then offered Goode $5.00 for the key to the premises, which was refused. Shirra then employed Goode to nail up the doors, windows, etc., and paid him $5.00 for doing this. On August 28th demand was served on Mrs. Hill and Austin by one Jesse Joseph for Goode. After this time Goode called upon Shirra as Mrs. Hill's agent several times, and while Shirra promised to pay, he each time put Goode off, never refusing to pay until the time suit was started. Suit was started by Archibald Goode before W. T. Hall, J. P., and recovered judgment for $58.00 and costs, from which judgment the defendant appealed to the Circuit Court, where it is now pending."

The court found the issues for appellee and entered judgment against appellant for costs; who then perfected this appeal.

BELL & HODGES, for appellant.

WALLACE E. SHIRRA, for appellee; THOMAS H. ROBINSON, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant contends that it was error for the Circuit Court to hear and to dispose of the cause in the absence of Austin, one of the defendants in the justice court. This contention is based upon the provisions of section 70 of the Justice of the Peace Act of 1872. This section is omitted from the revision of that Act in 1895, which is entitled "An act to revise the law in relation to justices of the peace and constables." The revision in 176 sections purports to cover the

entire subject-matter contained in its title. By article ten of that act, full provision is made for appeals.

It is not necessary in this case for us to decide that said section 70 is now the law of this State,—a position we are unwilling to take,—for the reason that appellant by his counsel entered his general appearance in this cause in the Circuit Court. When the case was called for trial he joined in a stipulation by which the matter in dispute was submitted to the court, without a jury, for determination; and also entered into a stipulation as to the facts; and then took part in the trial. At no time in the Circuit Court did appellant raise the question of jurisdiction growing out of the fact that Austin was not then in court.

The Circuit Court had jurisdiction of the subject-matter of the litigation. It obtained jurisdiction of the person of appellant by his voluntary general appearance. He thus conferred upon that court the right to proceed to hear and to determine the controversy in so far as his rights were concerned. Had he desired to raise the question of jurisdiction, he should not have appeared, or should have limited his appearance to the objection against the jurisdiction of the court. It is too late to raise that question for the first time on appeal. Herrington v. McCollum, 73 Ill., 479; Brownmark v. Livingston, 100 Ill. App. 474; Anderson v. Moore, 145 Ill. 61.

The second contention of appellant is that the verdict is contrary to the evidence. We do not so read the statement of facts. Appellant's contract was made with Austin, the tenant, and not with Mrs. Hill, the owner of the building. It is true, she agreed with Austin that he might make such repairs as he saw fit and she would allow him two or three months' rent therefor, but this agreement did not make Austin her agent to bind her to pay to Goode or to any other third person the cost of any repairs ordered solely by Austin. The mere fact that Mrs. Hill saw Goode at work on these repairs did not render her liable therefor. There is nothing to show that Mr. Shirra had any power to bind Mrs. Hill, or that she ever knew of his promise or adopted it. Nor

Foster v. People.

does it appear that such repairs were of any permanent benefit to the premises.

The judgment of the Circuit Court is affirmed.

*Affirmed.*