JAMES W. MYERS, Plaintiff in Error, *v.* THOMAS WINN, Defendant in Error.

### ERROR TO MADISON.

If A, B, C and D enter into a limited partnership for the purchase and sale of cattle, and A, advances all the capital, such capital can only be used for the specified purpose; and if, after being so used, it is deposited with B. for A, it becomes the individual property of A, and he may recover it of B.

THIS was an action of assumpsit, heard before UNDERWOOD, Judge, and a jury, at August term, 1852, of the Madison Circuit Court. Plea, the general issue. Verdict and judgment for the defendant below. Myers proved on the trial that he had advanced all the capital in a partnership transaction between himself, the defendant, one Morrison, and one H. C. Smith, for the purchase and sale of a drove of cattle, in which they were equally to share in the profits and loss, and that the partnership was to end with this transaction. Myers went to New Orleans with a part of the cattle, and that Smith remained and sold those left behind; that there had been deposited with Winn, $1,204.75 for Myers. The said H. C. Smith was called by Winn as a witness, and although his testimony was objected to, he was sworn and testified. He admitted the partnership; that out of the proceeds of the cattle left with him, he paid over to Winn between seven and eight hundred dollars; that while Myers was at New Orleans, he (Smith) went to Winn and asked him if Morrison bought some sheep, if they could have some money, and that there was no understanding between Myers and he and Morrison as to the purchase of sheep; that witness and Morrison bought sheep; that Winn told witness he had let Morrison have $494; that on the return of Myers from New Orleans, witness told him of this transaction, to which Myers did not reply. At another time, Myers advised him to telegraph Morrison, who had gone to New Orleans, to sell the sheep immediately, as there were many sheep going down the river. It was admitted that Winn had accounted for all the money except what he had paid Morrison. Two witnesses proved that Smith denied that Myers had any interest in the sheep. The only instruction given, was as follows : "That if the jury believe, from the evidence, that a partnership existed between the said plaintiff and the said Smith and Morrison, that then the said Smith and Morrison, as partners, had a right to draw the partnership money out of the hands of the said defendant.

J. and D. GILLESPIE, for Plaintiff in Error.

H. W. BILLINGS, for Defendant in Error.

SCATES, J. Winn had received from Smith, Morrison and others, a certain amount of money for Myers, and this action is brought to recover a balance alleged to be still in his hands.

The jury found for the defendant, and the court refused a new trial. We are of opinion the evidence did not warrant the verdict, and a new trial should have been granted.

The limited special partnership between Myers, Smith and Winn, in the profits and loss, in the purchase and sale of cattle with Myers' capital, did not make the capital partnership property for any other purpose, nor for that, longer than it was so used. When, therefore, it was withdrawn from, or had accomplished the venture or object of, the partnership, and was returned to Myers, or deposited with Winn for him, it ceased to be under partnership control or ownership. It became thereby severed from the mass of partnership property, and became the individual property of Myers. Winn consenting to receive it on deposit for Myers, is liable to pay it over to him. *Dickinson, Assignee*, v. *Morris and Weiner*, 3 Caines, 54.

Such seems to be clearly shown by the evidence, in relation to this limited partnership adventure in the purchase and sale of cattle. So far as this money had been used in it, the objects of the partnership had been accomplished, the adventure was at an end, the cattle were sold, and the capital had been returned to the individual owner, by depositing it with defendant for him. To this amount, or this extent, the partnership is dissolved, and this much of it settled. If the verdict was predicated upon the evidence in relation to this partnership, it must have been rendered upon a misapprehension of the law of limited, special partnerships, and confounding the powers of such partners over the partnership property, with the powers of partners in general partnerships. But even in the latter, their powers of control would end, by a separation of a part, and its conversion into individual property, by delivery or payment to one of its members in his own right. So far as I can learn from the record, the only instruction given, seems to have been at the mutual instance of the parties, and without applying it to the evidence in regard to a partnership about the sheep. If applied to the latter, the instruction is correct, but would tend to mislead the jury if applied to the cattle. I advert to it only as one of the probable causes of misapprehension which produced the verdict. If the parties were not in partnership in relation to the subsequent adventure in the purchase and sale of sheep, the control of these deposits for Myers had passed out of the power of Smith and Morrison, as partners. If they were in partnership in the sheep, and upon the same terms as to Myers

finding the capital to purchase, then might Smith and Morrison, or either of them, draw these deposits from Winn to make the purchases with.

Without inquiring into the competency of Smith to prove this last partnership, which I altogether doubt (3 John Cas. 82; 14 John, 80; 8 Iredell, 79; 2 Humph. 106,) but taking his testimony with the other witnesses, and no ground is presented for such a conclusion. The purchase and shipment of the sheep was made in Myers' absence. When informed of it on his return, it was not asserted or pretended to him, that it had been done on his joint account; and all that is shown to have been done by him was, to advise that an early sale, in view of the lower markets and the movements of stock, would be best, and might produce profits to make up the losses on the cattle. What little testimony there is in relation to this sheep transaction, and which is wholly insufficient to charge Myers as a partner, comes from Smith, Morrison's partner in the sheep, and it is fully met and explained away by two other witnesses, who testify that Smith told them that Myers was not a partner in the sheep.

Judgment reversed and cause remanded for a new trial.

*Judgment reversed.*