John Parker

*v.*

George H. Fergus.

1. Partnership — *evidence of.* The statement by one defendant, that he was going into a house, nor the fact, that he occupied a portion of the house in the auction business, nor that he sold tickets for the other defendant's opera house, and acted as treasurer, and his name was printed on the bills as treasurer, prove that he was a partner in the opera house.

2. Contract — *construction of.* Where a party leases a portion of a building to be used as an opera house, for a specified annual rent, and is employed to act as treasurer for the enterprise, to sell tickets, and, as rent of the house, to receive one-half of the proceeds resulting from the use of the portion used as an opera house, after deducting daily expenses, including his salary, to be deducted daily, the lessee to pay one-half of all taxes and assessments levied during the term, — *held,* that this does not create a partnership *inter se,* nor as to third persons, but it is a means of collecting his rents.

3. Partnership — *receipt of profits.* Where a landlord furnishes the land, the teams, implements and grain to another, who performs the labor for

a crop, to be divided, when matured, this does not create a partnership; so, where one person furnishes material to be manufactured, and another employs the labor and skill in producing the result, and to be compensated by receiving a part of the manufactured articles, or a part of the proceeds when sold.

4. SAME —*joint enterprise.* It has been held, parties may engage in a joint enterprise and still not become partners, although they receive a portion of the profits. A party may receive a portion of the rents of a farm or tavern without becoming a partner. So of a clerk or an agent, who receives a portion of the profits on sales as a compensation for labor. So of a factor. So seamen may, by agreement, take a share in the profits of a whale fishing or coasting voyage as compensation for their services. To create a partnership, independent of express agreement, there must be an interest in profits as profits, and not as a mere means of payment for labor performed.

APPEAL from the Superior Court of Chicago ; the Hon. JOHN M. WILSON, Judge, presiding.

This was an action of assumpsit commenced by George H. Fergus, in the Superior Court of Chicago, on the 15th of September, 1865, against John Parker and William Fagan. Plaintiff filed his declaration, containing the common counts only, with a bill of particulars. Defendant Parker filed the plea of the general issue. A default was taken against Fagan.

A trial was had at the November Term, 1865, before the court and a jury. Plaintiff, on the trial, introduced evidence, that he had performed the labor for which the charges were made, that they were reasonable and at customary rates. He also introduced evidence to prove a partnership between defendants, the substance of which appears in the opinion of the court.

The court on behalf of plaintiff gave this instruction :

" That in the agreement introduced by defendant, Parker and Fagan were partners, and if the jury believe, from the evidence, that work, labor, and materials were furnished by plaintiff to said partners, or either of them, during the existence of such partnership in the course of the business thereof, then the plaintiff is entitled to recover what the jury may believe from the evidence, such work, labor and materials were worth."

For refusing to give which, defendant Parker excepted.

The jury found a verdict for plaintiff. Parker entered a motion for a new trial, which the court overruled, and rendered a judgment on the verdict. And he brings the case to this court by appeal; and among others assigns as error the giving of the instruction.

Mr. GEORGE G. BELLOWS, for the appellant.

Mr. JOHN LYLE KING, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

If appellant was liable in this action, it was because he was a real or an ostensible partner of Fagan. There is no pretense that there was any other joint liability than that of a partner; and to establish such liability, appellee called Robert Fergus, his father, as a witness. He testified, that he had a conversation with appellant, who informed him, that he was going into the premises with Fagan, who was going to open an opera house; that appellant was already in the house, in the auction business; that when the opera house was opened, appellant attended the box office, sold tickets, and received the money; that he asked appellant if he could not get the printing for appellee, when he replied, "that he thought he could;" that appellee did the printing charged in the bill, to recover which the suit was brought; that the prices set opposite each item are reasonable, and the printing was worth what was charged in the bill; that at that time appellant showed him the article of agreement between himself and Fagan, and which, it is claimed, proves the existence of a partnership; and that Parker's name appears to the printed bills of the opera house, as treasurer; but it did not appear on them as a partner.

We do not see from this evidence any thing calculated in the slightest degree to make the impression, that appellant was a partner. The fact that he said he was going into the premises, could not be construed into a statement that he was a partner; nor could the fact, that he sold the tickets and

received the money for the opera, convey such a meaning; nor the fact, that his name was printed on the opera house bills as treasurer; nor his statement, that he thought appellee could get the printing ; neither can all of these circumstances when considered together, convey such a meaning.

Then does the article of agreement, by express terms, or fair intendment, create a partnership between appellees, either as to themselves, or as to third persons? We think not. By it Parker leased the premises to Fagan, to be used as an opera house, reserves the rent, and provides for its payment, and for resuming possession if not punctually paid ; also, for the lease to become void, if the rooms should be used for immoral or disorderly purposes. It is then agreed, that the lessee shall pay lessor $1,000 a year for his services as treasurer of the opera house. It is however insisted, that this clause of the agreement creates a partnership: "And the said party of the second part, in consideration of the leasing of the premises aforesaid, by the said party of the first part, to the said party of the second part, does covenant and agree with the said party of the first part, his heirs, executors, administrators and assigns, to pay to said party of the first part, as rent of the said demised premises, one-half the proceeds resulting from the use of the said first and second stories, after deducting the daily expenses, including $1,000 yearly, as treasurer and agent of the opera rooms. Such payments to be made daily, each and every day during the full term hereof; and the said party of the second part further covenants with the said party of the first part, to pay one-half of all taxes and assessments that may be levied or assessed during the term hereby created." It will be observed, that there is no provision, that Parker shall furnish any portion of the means for carrying on the opera house, or for any control or direction in its management, or for any liability for any losses that might occur. He only received the money from persons visiting the opera house, and deducted therefrom his salary as treasurer, and his rent, and paid the remainder to Fagan.

This was evidently intended by the parties as a mode of paying the rent for the use of the rooms. It is true, that it left

the amount to be paid indefinite and uncertain, until ascertained by the receipts themselves. Then is this such a perception of profits as could, under any circumstances, be held to create a partnership? Over this entire country, we see that farmers lease their lands for agricultural purposes, and agree to receive a third or other portion of the products of the soil, and the labor of the tenant, as a payment of the rent. Again, it not unfrequently occurs, that the owner of the soil furnishes the land, the teams, implements and the seed; while another performs the labor, and they divide the product, according to the terms of their agreement, and no one ever imagined, that in either class of such cases, the parties became in any sense copartners. Again, it is of frequent occurrence, that one person having material, furnishes it to a manufacturer, who works it up for a certain portion of the manufactured product, or a share of the proceeds for which it shall be sold; and it has never been supposed, that such parties thereby became partners. And the same is true of a large class of special agreements for particular adventures and joint undertakings.

It is said by Chancellor KENT, vol. 3, p. 33, that "a person may be allowed in special cases to receive a part of the profits of a business, without becoming a legal or responsible partner; as, by agreement, he may, by way of rent, receive a portion of the profits of a farm or tavern without becoming a partner. So a clerk or agent, may be allowed a portion of the profits on sales, as a compensation for labor, or a factor a percentage on sales, without becoming a partner, when it appears to be intended merely as a mode of payment, adopted to secure increased exertion, and it is not understood to be an interest in the profits, in the character of profits. So seamen may take a share, by agreement, with the ship owners in the profits of a whale fishery or coasting voyage, as compensation for their services; and shipments from this country to India, upon half profits, are usual; and the responsibility of partners has never been supposed to flow from such special agreements." He also says, that this distinction seems to be definitely established by a series of decisions, and it is not now to be questioned.

The same rule is laid down in Collyer on Partnership, p 14, and the distinction is fully recognized. The rule is similarly stated by Story in his work on Partnership, section 32; and in Gow on Partnership, p. 17, the same rule is announced; and the adjudged cases fully sustain the text.

Then did Parker have any interest in the profits of the opera house, as profits, or did he receive them merely as a mode of payment of the rent of his building? From the entire agreement, we are of the opinion that he only received them as a mode of paying him the rent, and that such was the intention of the parties. If this be true, then the court below erred in refusing the instruction asked by appellant, and in giving the instruction asked by appellee. The new trial should have been granted, because the evidence failed to sustain the verdict, and for giving improper instructions to the jury, and refusing to give proper instructions.

The judgment of the court below is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*