Judgment reversed.

---

## JOSIAH B. JOHNSON
### v.
## MATTHEW T. CAMPBELL.

1. INSTRUCTION NOT BASED ON EVIDENCE.—Where the declaration contained the common counts only, including a count upon a *quantum meruit*, but the case was tried by both parties upon the theory that the services were performed under a special contract, the parties differing as to the terms of the contract, and no evidence was offered by either party as to the value of the services, and the court instructed the jury that if they found there was no agreement which fixed the price, they should "render such a verdict as will be in accordance with a fair price of his services if the same can be ascertained from the evidence, and the amount he has received on

Johnson v. Campbell.

account thereof." *Held*, that such instruction was improper, no evidence being given upon the value of the services.

2. JURISDICTION.—Where the plaintiff's demand is purely of a legal nature, a court of law has jurisdiction to pass upon it, although it may involve the examination of disputed or intricate accounts. In cases like the present, equity may have concurrent jurisdiction with a court of law.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed June 27, 1883.

This was assumpsit brought by appellee against appellant to recover for wages. The declaration contained the common counts only. Plea *non-assumpsit*. There was a jury trial resulting in a verdict for the plaintiff for $1,250, and judgment thereon. The defendant's motion for a new trial being overruled, he appealed to this court. The facts sufficiently appear in the opinion of the court.

Messrs. C. C. & C. L. BONNEY and Mr. LYMAN M. PAINE, for appellant; that an intricate and complex account is not a fit subject for examination in a court of justice, cited Sallee v. Morgan, 67 Ill. 376; Patten v. Patten, 75 Ill. 446; Riner v. Touslee, 62 Ill. 266; Hewitt v. Dement, 57 Ill. 500; Stewart v. Kirk, 69 Ill. 509; R. S. Ch. 2, § 6; Story's Equity Jurisprudence, § 451; Adam's Equity, 509.

The employe, whose compensation is to be determined in whole or in part by the profits of his employer, has an undoubted right to maintain a suit in chancery: Channon v. Stewart, 103 Ill. 541; Buel v. Selz, 5 Bradwell, 120; Hargrave v. Conroy, 5 C. E. Green, 281; Harrington v. Churchward, 6 Jur. N. S. 576.

Illegal evidence should on motion, at any stage of the cause, be excluded from the jury: Pool v. Bevers, 30 Ala. 672; Pearsall v. McCartney, 28 Ala. 110; Penn v. Brady, 14 Mich. 260; Creed v. White, 11 Humph. 549.

As to the province of the jury: Frame v. Badger, 79 Ill. 446; 1 Greenleaf on Ev. § 49.

As to instructions: St. L. & S. E. R'y Co. v. Britz, 72 Ill. 256; C. B. & Q. R. R. Co. v. Griffin, 68 Ill. 507.

Johnson v. Campbell.

. Messrs. McCoy, Pope & McCoy, for appellee; as to the concurrent jurisdiction of law and equity, cited Mitford on Equity Pleading (Jeremy), 119; 1 Story's Equity Jurisprudence, § 456, 441; Russell v. Executors, 7 Cranch, 69; Douglas v. Martin, 103 Ill. 28; Ryle v. Haggie, 1 J. & W. 237.

When the contract has been performed the plaintiff may recover on simple contract the price of the service under an *indebitatus assumpsit*, but the contract must regulate the amount of the recovery: Walker v. Brown. 28 Ill. 385; Moline Water Power and Mfg. Co. v. Nichols, 26 Ill. 92.

WILSON, J. Appellee was employed as a clerk in the grocery store of Johnson and Heywood, in Chicago, on the north side. He was to be paid for his services by appellant Johnson, by whom he was employed, and whose interest he represented in the firm. Previous to commencing with Johnson and Heywood, he had been in the employ of Johnson in the same line of business, on the south side at 22d street, under a written contract, which fixed his salary at seventy-five dollars per month, payable monthly, with an additional compensation of one sixth of the net profits of the business, to be ascertained and paid to him at the end of each year. The present suit was brought to recover for his services while in the store of Johnson and Heywood on the north side, and the principal controversy on the trial was as to the terms of his employment. His claim is that he is entitled to seventy-five dollars per month from September 1, 1878, to May 1, 1879, and fifty dollars per month from May 1, 1879, to August 31, 1881, and in addition thereto, one half of the net profits of Johnson in the business of Johnson and Heywood, during the period of his service with that firm.

He testified, in substance, that he went to work in the store of Johnson and Heywood, September 1, 1878, upon the same terms and conditions as those of the written contract on 22d street, namely, seventy-five dollars per month, and one sixth of the net profits of the business, to be paid at the end of the year. That he worked under that contract until the following May or June, when by agreement between himself and John-

son, the contract was so far changed, as that he was to receive fifty dollars per month in place of seventy-five, and one half of Johnson's half, or one fourth of the net profits of the north side business, the contract as thus modified to relate back and cover the time he had already served with Johnson and Heywood; that he worked under the contract, as thus modified, two years and nine months to August 31, 1881, which, added to the nine months of service, rendered previous to the modification of the contract, made his whole time three years. The defendant endeavored to show that the contract was otherwise than as stated by the plaintiff.

If appellee's claim that he performed the service in question under a special contract which fixed the compensation he was to receive be true, it follows that the contract alone is to be resorted to in determining the measure of his recovery. If, on the other hand, the services were not performed under the contract, and a recovery is sought under a *quantum meruit*, such recovery can only be had upon proof of the fair and reasonable value of the services rendered.

While the declaration contains the common counts only, including the count upon a *quantum meruit*, the case seems to have been tried by both parties upon the theory that the services were performed under a special contract, but they differed as to the terms of the contract. The plaintiff testified explicitly that the services were rendered under the terms of the written contract as modified.

No witness testified as to the value of the services, and no evidence was offered by either party in relation thereto. As the plaintiff introduced no evidence on that subject, the defendant could put in none in reply. There was thus nothing to go to the jury under the count upon a *quantum meruit*.

The court instructed the jury, in substance, that if they found there was no agreement which fixed the price, they should "render such a verdict as will be in accordance with a fair price of his services, if the same can be ascertained from the evidence and the amount he has received on account thereof." The jury could only construe this language to mean that they should find such a sum as they might think would fairly

compensate the plaintiff for the services rendered, without regard to any agreement fixing the price.

It is a familiar rule, that instructions must be based on the evidence: Holcomb v. Davis, 56 Ill. 413; Bradley v. Parks, 83 Ill. 169; I. C. R. R. Co. v. Benton, 69 Ill. 174:

There being no evidence as to the fair value of plaintiff's services, the instruction was calculated to mislead the jury, and the giving it was error.

As to the point made by appellant, that appellee's remedy is in equity only and not at law, we think it not well taken. Where the plaintiff's demand, as in the present suit, is purely of a legal nature, a court of law has jurisdiction to pass upon it, although it may involve the examination of disputed or intricate accounts. The most that can be properly claimed, in a case like the present, is that equity may have concurrent jurisdiction with a court of law: 3 Black. Com. 437; 1 Story Eq. § 442; Mitf. Eq. Pl. 119; Douglass v. Martin, 103 Ill. 28.

For the error in giving said instruction, the judgment of the court below is reversed and the cause remanded for a new trial.

Reversed and remanded.