## DEUTSCH-RÖMISCH KATHOLISCHER CENTRAL VEREIN

*v.*

## MARY LARTZ.

*Opinion filed October 24, 1901.*

1. AMENDMENTS—*what is a sufficient memorandum to permit entry of order nunc pro tunc.* A notice to plaintiff's counsel of a motion to amend a clerical error in a demurrer purporting to be for all the defendants so as to make it the demurrer of one defendant only, and the affidavit in support of such motion showing that the attorneys who filed the demurrer had no authority to make it for any defendant except their client, is a sufficient memorandum to authorize the entry on the record, after several terms, of an order *nunc pro tunc* allowing the motion, since its allowance was the only course which the court could properly have pursued.

2. SAME—*when order of the court allowing amendment is of itself an amendment.* The allowance of a motion to amend a demurrer purporting to be for all the defendants so as to make it the demurrer of one defendant only, is of itself all the amendment that is necessary, where the other defendants are not represented by any one having authority to appear for them or make the amendment.

*Deutsch, etc. Central Verein* v. *Lartz,* 94 Ill. App. 255, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

BROWNING & SHEPARD, and GEORGE H. KRIETE, for appellant.

CARL A. VOGEL, (DANIEL V. GALLERY, of counsel,) for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county in favor of the appellee, against the appellant, in an action of assumpsit on a certificate of membership in a mutual benefit association.

The action was originally brought against the subordinate lodge, the St. Nikolaus Unterstützungs Verein, of which appellee's husband, who took out the certificate for her benefit, was a member, but subsequently, by leave of court, the Deutsch-Römisch Katholischer Central Verein, the superior lodge, was made a co-defendant, and still later the action was dismissed as to the subordinate lodge and proceeded to judgment by default against the superior lodge. Before the dismissal as to the subordinate lodge, on July 31, 1899, a general demurrer was filed to the declaration on behalf of both defendants by Browning & Shepard, and George H. Kriete, attorneys. On the 18th day of October, 1899, a notice was served on Karl Alexander Vogel, attorney for plaintiff, that on the 21st day of that month, or as soon thereafter as counsel could be heard, they would move the court to "correct a clerical mistake in the demurrer filed herein on July 31, 1899, so as to make it the demurrer of the St. Nikolaus Unterstützungs Verein, and no other defendant, and shall read in support of said motion the affidavit thereto attached,

at which time and place you can appear, if you see fit."
The affidavit filed in support of the motion was as follows:

"Stuart G. Shepard, being first duly sworn, deposes and says that he is a member of the firm of Browning & Shepard, attorneys herein for defendant, the St. Nikolaus Unterstützungs Verein, and says that on July 31, 1899, he filed a demurrer' to the amended declaration of the plaintiff herein, on behalf of said defendant, the St. Nikolaus Unterstützungs Verein, and that through inadvertence, clerical error and mistake, said demurrer was so written and formed as to be a demurrer of all the defendants in the above entitled cause, whereas it was intended to be, and should have been, a demurrer simply of the clients of the said firm of Browning & Shepard, the said defendant, the St. Nikolaus Unterstützungs Verein, and not the demurrer of any other defendant; and says that never, at any time, has said firm had authority, expressed or implied, to appear for and represent the said defendant, the Deutsch-Römisch Katholischer Central Verein von Nord Amerika; and further deponent saith not.                    STUART G. SHEPARD.

"Subscribed and sworn to before me this 18th day of October, A. D. 1899.                VIRGINIA GUEST, *Notary Public.*"
(Seal.)

On October 30, 1899, a judgment by default was entered against appellant for $1251 and costs of suit.   On November 4, 1899, on motion of Browning & Shepard, attorneys, leave was given to file special appearance for defendant, and thereafter submitted a motion to set aside the order of default and judgment, which motion was continued to the following November term, and on December 2 overruled.   This motion was not based upon the ground that the judgment was erroneously entered by default while a demurrer was pending.   There was no plea or showing of a defense to the action upon its merits.   The original record, as filed in the Appellate Court, failed to show the motion to withdraw the demurrer or any order of the court thereon.   Subsequently the appellee went back to the Superior Court and procured an order *nunc pro tunc* allowing the motion.

As the original record showed the judgment by default to have been taken while a demurrer to the declaration

was undisposed of, it is conceded that on the face of the proceedings there was error, it being clear that while the demurrer remained undisposed of it was error for the court to enter judgment by default. If, however, the supplemental record was properly made and filed, that error was shown not to exist, and so the ground of reversal here insisted upon is, that the *nunc pro tunc* order was improperly made because several terms of court had intervened between the default and the motion to amend, and there was no minute or memorial paper from which it could be determined what the order made at the previous term was.

It appears that the only memorandum or memorial appearing upon the motion to amend the record was the foregoing notice and affidavit, and counsel insist that such notice and affidavit prove no more than that counsel would ask leave to withdraw the demurrer, and were no evidence whatever as to what action, if any, the court took upon the motion,—that is, whether the court acted upon it at all, whether it allowed the motion, or whether it denied it. If the motion had been one which the court had a discretion to allow or disallow, there would be force in the argument; but the affidavit showing that the demurrer, so far as this appellant was concerned, had been filed without any authority, counsel who filed it not having been employed by the appellant and nothing appearing to the contrary, it was the duty of the court to strike it from the files. A plea or demurrer filed without authority in a case is no pleading at all.

We do not think it can be said, from an inspection of the notice and affidavit, the court had no evidence before it of the order entered, nor can it be said there was no evidence that the court acted at all. Upon looking at the notice and affidavit the court could readily see that but one duty devolved upon it,—to strike the demurrer from the files as to appellant. Presumably it did its duty, and

made the only order in the case which it could make, and the clerk failed to enter it up.

The contention that even though the court made an order permitting the amendment, unless that amendment was actually made the demurrer still remained upon file, cannot prevail. When the motion was made no one had a right to represent appellant; no one had the authority to amend for it. The order of the court was of itself all the amendment that was necessary.

It was also assigned for error in the Appellate Court that the sheriff's return upon the summons to appellant was insufficient. There is some confusion in the record as to the issuing and service of the summons, but there does appear a summons legally and properly served. The court clearly had jurisdiction.

The grounds upon which reversal of the judgment below is asked are technical, and are, in our judgment, without merit. There is no claim whatever of a meritorious defense.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*