### Martin Broderick v. James O'Leary.

#### Gen. No 4,170.

1. FINDING OF COURT—*when, not disturbed.* The finding of a court who has tried a case without a jury is given the same force and effect as the verdict of a jury, and the same will not be disturbed upon appeal unless manifestly against the weight of the evidence.

2. INCOMPETENT EVIDENCE—*when admission of, will not reverse.* The admission of incompetent evidence, not of a controlling character and not calculated to have influenced the result, is not ground for disturbing the finding of the court who has tried the case without a jury, where there is sufficient competent evidence to sustain the same.

3. GAMBLING CONSIDERATION—*when evidence is not sufficient to establish.* Held, from the evidence in this case, that the defense, that a promissory note was given upon a gambling consideration, was not established by a preponderance of the evidence.

Action of assumpsit upon promissory note. Error to the County Court of La Salle County; the Hon. HENRY W. JOHNSON, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed October 8, 1903. Rehearing denied April 6, 1904.

ARMSTRONG & HANNA and JOHN H. ARMSTRONG, for plaintiff in error.

L. O. BROWNE and E. J. KELLY, for defendant in error.

MR. JUSTICE FARMER delivered the opinion of the court.

This was an action of assumpsit on a promissory note for $500 given by defendant to plaintiff, dated March 16, 1891, due in five years with interest at six per cent per annum. Defendant pleaded the general issue with notice of set-off; that the note was given for money lost as the result of speculation in the market price of grain by buying and selling deals in options, and that the note was obtained by fraud and circumvention after the plaintiff had procured the defendant to become drunk, and that there was no consideration therefor. A jury was waived and the cause tried by the court and judgment rendered for plaintiff for $825, the amount of the note and interest. Defendant brings the case here on writ of error.

It is not insisted by counsel for plaintiff in error that he established his defense of set-off, or that the defendant in error caused him to become intoxicated and obtained the note from him while he was so drunk as not to be able to comprehend the nature and effect of the transaction. But it is insisted that the proof shows that the note was given to cover one-half of a loss sustained by plaintiff and defendant, resulting from a gambling contract or speculation in the price of grain on the board of trade in Chicago. There was no testimony as to what constituted the consideration for the note, except that of the parties to the suit. They were brothers-in-law. Broderick kept a saloon in Seneca and O'Leary tended bar for him, and both were men of very small means. Some time from April to July, 1889, they made two deals on the board of trade. Broderick testifies that they made a small profit on one deal and sustained a small loss on the other, but it is not claimed that either of these transactions had anything to do with giving the note sued on. He further testifies that in August, 1889, O'Leary proposed to him that they make another deal, but that he refused to do it. There is no positive or satisfactory proof that O'Leary ever made another deal, but Broderick testified that a month or six weeks after he made the proposal,

O'Leary came to him and said " We have lost on that," and that he replied, " I have nothing to do with it; the loss is yours." This is all that the evidence shows was said about it at that time, and according to Broderick's testimony the subject was not again mentioned until a year later, August or September, 1890, when he says O'Leary asked him to sign a note. This he says he declined to do and told O'Leary that he did not owe him anything, and that O'Leary said he wanted the note to show the neighbors how he lost his money. The next time he says the subject was mentioned was in March, 1891, when O'Leary again asked him to sign the note so that he might be able to show the people how he lost his money, and that he then signed it. O'Leary testified that no board of trade deal had anything to do with the consideration for which the note was given, and that no part of it was for losses sustained in any such transaction, but that it was given for money he had paid out for Broderick's use and benefit on indebtedness incurred in his saloon business, and for money he had paid out as surety for Broderick on certain notes. True, his testimony as to the various items that went to make up the amount of $500 is not entirely clear, but it is equally as clear as the testimony of Broderick as to there having been any other deal on the board of trade than the first two he mentioned, and that a thousand dollars was lost thereby. Something near eleven years had elapsed between the time the note was given and the time the trial occurred and the memory of neither of the parties would be expected to be as clear concerning all the details of the transaction as if it had been of recent occurrence.

It will be seen that the parties directly contradicted each other as to what the consideration for the note was. The note made a case for the plaintiff authorizing a recovery unless the defendant established his defense by a preponderance of the evidence, and we are not prepared to say the court was not warranted in finding the testimony of the defendant insufficient to overcome the note and the testimony of the plaintiff. Both parties were equally inter-

Broderick v. O'Leary.

ested in the result of the suit, and the judge who tried the case had opportunities for determining their credibility that this court does not have.   It has been uniformly held by the Supreme Court, that unless the verdict of a jury is manifestly against the weight of the evidence an Appellate Court will not disturb it.   When a case is tried by the court without a jury, the court is required to weigh the testimony, and when it is strongly conflicting upon material points at issue, as much force and effect should be given to the finding of a court as to the verdict of a jury.   Wood, et al. v. Price, 46 Ill. 435.

Complaint is made that the court admitted improper testimony on behalf of plaintiff.   It is sufficient to say the evidence claimed to have been erroneously admitted was not controlling in character, nor calculated to influence the finding of the court.   When this is the case the judgment will not be reversed because of the admission of improper testimony, and especially so when there is sufficient competent testimony to sustain the judgment.   Schroeder v. Harvey, 75 Ill. 638; Palmer v. Meriden Britannia Co., 188 Ill. 508; Lintner v. Miliken, 47 Ill. 178; Mullen v. Johnson, 98 Ill. App. 621; Wiener v. Nicolaus, 38 Ill. App. 527.

We are of the opinion that the judgment was supported by the evidence and it will therefore be affirmed.

*Affirmed.*