## George Townsend et al. v. Jacob H. Gregory.

### Gen. No. 13,147.

1. ORDER—*how verity of, cannot be attacked.* An order of a court of record, in due form, imports verity and that verity cannot be overcome by pleadings or affidavits in a chancery cause.

2. JURISDICTION—*when objection to, waived.* An objection to the jurisdiction of the court which goes to the person and not to the subject-matter, is waived by going to trial.

3. PARTNERSHIP—*what does not establish relation of.* The fact that a joint association may be styled a partnership or may be referred to as such, does not establish the fact, and the character of the joint enterprise is to be determined largely from an inspection of the documents which bind the parties together.

4. PARTNERSHIP—*when courts of law have jurisdiction for accounting.* Where the partnership has ended and the accounts are not complex, or where they have been settled and the amount due the suing party agreed upon, a court of law has jurisdiction.

5. ASSIGNEE—*when may sue in his own name.* An assignee of a chose in action may sue thereon in his own name where the defendant has recognized the assignment.

Action of assumpsit. Error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORÉ, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 4, 1907.

F. M. LOWES and T. MARSHALL, for plaintiffs in error; WILLIAM L. REED, of counsel.

GEORGE R. JENKINS and KELLOGG FAIRBANK, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The parties will be referred to in this opinion by their designation in the trial court.

Defendants, doing business under the style of Townsend, Reed & Co., had a contract with the Milwaukee & Waukesha Electric Railway Company to construct and equip twenty miles of its single track road in Mil-

waukee, and on July 14, 1897, they entered into a
contract with plaintiff, by which they, for the consider-
ations in that contract mentioned, gave him a one-
fourth interest in the net profits arising out of the
construction contract with the M. & W. E. Ry. Co. In
this contract it is recited that John W. Wegner of
Milwaukee had a one-fourth interest in the net profits
of that enterprise, George W. Wilson ten per cent.,
and that other parties, not named, were interested in
22,000 of the bonds and in eight per cent. of the cap-
ital stock of the railway company. On August 7, 1897
defendants made their contract with Wegner for his
one-fourth interest, which Wegner on November 22,
1897, assigned to plaintiff by an appropriate indorse-
ment thereon, and delivered it to him. Of this assign-
ment defendants were subsequently informed, and they
ratified it by a verbal assent.

Defendants and plaintiff had separate offices and
were engaged in business other than that pertaining
to the construction contract with the M. & W. E. Ry.
Co. There was no general partnership between them.
Their joint interests were limited to the matters to be
exploited under the contract between them. It was a
special joint deal and undertaking—a joint enterprise
as distinguished from a general partnership.

Wegner was a lawyer in Milwaukee, and his ener-
gies appear to have been exerted in the joint enterprise
to the obtaining of the grant of a franchise from the
municipal authorities of the city of Milwaukee for the
installation of a section of the contemplated electric
railway within certain portions of its corporate limits.
Wegner procured the franchise and received from
plaintiff $4,000. This money was furnished by de-
fendants. For what purpose it was used the record
is silent. The construction part of the enterprise
seems to have been abandoned, for on September 1,
1897, the parties to this record sold the Milwaukee
franchise in New York City to John N. Kinney for

$100,000. Of this sum there was paid to Townsend, Reed and Gregory $25,000 by check to their joint order. That check was indorsed by plaintiff and deposited in the Ft. Dearborn National Bank of Chicago to the account of Townsend, Reed & Co. as soon as the parties returned from New York. Each of the three parties received $1,000 from this fund at the time, Gregory receiving an additional $500 to reimburse him for the expenses of the New York journey, which he had paid. Defendants drew out various sums from this fund, which they applied toward the payment of debts chargeable to the joint enterprise, until there was admittedly over $15,000 still to the credit of the fund in the bank, which defendants drew out and appropriated to their own use, ignoring the rights of plaintiff to one-half of this sum for the interest under his own and the Wegner contract.

A trial before the Circuit Court and a jury resulted in a judgment upon the verdict for $7,500 September 6, 1901, in an effort to reverse which this writ of error has been sued out.

The questions here sought to be reviewed are mainly of law. The facts rest upon the uncontradicted evidence of plaintiff and the documentary evidence, likewise not in dispute.

The predominating and controlling questions are jurisdictional and they are dual.

First. It is claimed that the suit was, on March 27, 1901, and at the March term of the court, dismissed for want of prosecution and not reinstated on the docket until after the March term had expired, and that the order reinstating the cause was void.

Second. That the suit involves a partnership accounting, of which a court of equity alone has jurisdiction.

The remaining error urged is the refusal of the court to give at the conclusion of plaintiff's proof the peremptory instruction tendered by defendants, instructing the jury to find the issues in their favor.

The order of dismissal was entered at the March term. A motion on the last day of that term to vacate the order of dismissal and to reinstate the cause upon the docket was made by plaintiff, entered upon the record, and the motion continued until the April term of the court. That motion and its continuation was effective to continue the jurisdiction of the court over the cause until thereafter disposed of. Under the statute all motions and causes remaining undisposed of stand continued to the succeeding term of court. R. S., Sec. 61, Chap. 37; Bennett v. Bradford, 132 Ill. 269; McNichols v. Hunt, 43 Ill. App. 451.

At the April term of the court the order of dismissal was set aside, and the cause reinstated. No objection appears to have been made nor the jurisdiction of the court challenged until the case was called for trial at the next June term, when the order for the first time was disputed. We have examined the order in the record continuing the motion to vacate the order of dismissal, and it appears to be in due form and imports verity, which cannot be overcome by affidavits or the pleadings in the chancery cause seeking to attack that verity which in law it imports. It is binding on the parties and this court. Deutsch v. Lartz, 192 Ill. 485; Reilly v. Wilkins, 67 Ill. App. 104.

Futhermore, plaintiffs did not rely upon their objection to the court's jurisdiction to try the case, but proceeded to and participated in the trial. They thereby waived the objection and are estopped from again asserting it after a trial resulting in a decision against them upon the merits. Grand Pacific Hotel Co. v. Pinkerton, 217 Ill. 61; Brownmark v. Livingston, 100 Ill. App. 474.

As was said in the Pinkerton case, *supra,* "After this cause was reinstated the appellant appeared and took part in the proceedings. * * * It thereby waived its right to except to the order of the court reinstating the cause. After the cause was reinstated

the appellant should not have appeared at all, or at most should have confined itself to the resistance of any action proposed by the appellees." This is pointedly applicable here and, we think, decisive on this point.

It is clear from the testimony of Gregory and the documentary evidence that there was no general partnership between the parties to this record. They were jointly interested in an enterprise, it is true, but to that alone their joint interest was circumscribed. When the Milwaukee franchise was sold to Kenney in New York, and the money coming to them for their interest in that franchise paid to them, the joint venture was concluded. Nothing remained to be done but to divide the money between them in accordance with their interests as declared in the written agreement evidencing the transaction. Gregory, as assignee of Wegner, was entitled to receive the proportion which would be due Wegner but for the assignment. This assignment had received the assent of the defendants, and Gregory was recognized as having become vested with the interest of Wegner in virtue of that assignment.

The relation of the parties to each other must be gathered from their written agreements, and the fact that any of them may have referred to the transaction covered by the joint enterprise as partnership transactions, or to their relations to each other as that of partners, will not be decisive of the fact where such is not inferrable from the writings defining the relationship or the enterprise embraced in them.

Furber v. Page, 143 Ill. 622, in this aspect of the case is very similar to the one at bar. There the court say: "It is true that in giving his testimony appellant used the terms 'partner' and 'partnership' when speaking of Page and of the effect of the transaction. But this is unimportant, for the reason that whether they were partners and the relation of partnership existed, is a question of law to be determined by the

contract of the parties viewed in the light of attending facts and circumstances.''

The contract in this case does not constitute a partnership between the parties to it, but a joint interest in a specified single enterprise. Even were the parties here partners, the partnership has ended, its assets have been converted into money, its debts and liabilities paid, and defendants have converted the balance of $15,000, constituting the net profit of the venture, to their own use, ignoring the rights of plaintiff. He is, under the contract and assignment from Wegner, entitled to one-half of that amount, or $7,500, the amount of the judgment here. There are no other rights or equities presented by this record. In this condition the law is well settled that an action for that certain amount may be maintained at law for its recovery. There is no necessity for invoking the machinery of a court of chancery in this case.

The only witness examined on the trial was plaintiff, and he testifies to the settlement of the liabilities incurred in the joint venture, and that there was $15,000 remaining for division among the parties; that all the amounts entering into the account were settled and agreed to between them. There is no countervailing evidence. Defendants elected to rest their case upon plaintiff's testimony, and by it and the result they are bound. Where the partnership has ended and the accounts are not complex, or where they have been settled and the amount due the suing party agreed upon, a court of law has jurisdiction. It may be that in such a condition there would be concurrent jurisdiction of equity and law. In such an event the aggrieved party may elect to which tribunal he will resort in an assertion of his rights. Cook Co. v. Davis, 143 Ill. 151; Johnson v. Campbell, 13 Ill. App. 120.

It follows that no error was committed by the trial judge in refusing to instruct the jury to bring in a verdict for defendants.

Again, it is contended that plaintiff could not main-

tain an action in his own name for the interest of Wegner vested in him by the assignment. The assignment of the Wegner interest was recognized by defendants, and it was so interwoven with the interest of plaintiff as to inject no other question into the contest but the amount of recovery. The law discourages multiplicity of suits, and in this case no good or useful purpose could be subserved by another suit in Wegner's name for use of Gregory to recover the amount due under the contract of Wegner vested in Gregory by the assignment. City of Carlyle v. Carlyle Water Works, 140 Ill. 445.

Lang v. Fiske, 11 Me. 385, we think decisive on this point. It holds that a promise to pay a chose in action to the assignee is sufficient upon which an action may be maintained in the name of the assignee, on proving a legal assignment, and that such promise may be supported under a count for money had and received. To like effect is Stewart v. Rogers, 19 Md. 98.

There is no reversible error in this record, and the judgment of the Circuit Court is affirmed.

*Affirmed.*