Chicago Die & Electric Company, Defendant in Error, v. R. E. Nathan, Plaintiff in Error.

Gen. No. 13,849.

PARTNERSHIP—*what does not establish relation of.* A joint interest in a special project, limited in character as well as time, does not constitute a partnership.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed May 18, 1908.

SIMON LA GROU, for plaintiff in error.

GRIDLEY, CULVER & KING, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The determination of the liability of defendant for

the indebtedness set forth in the bill of particulars de-
pends upon the fact of whether at the time the goods
were ordered defendant was a partner of J. C. Feld-
man, his co-defendant, who, however, not being served
with process, is not before the court.

A trial before the Municipal Court and a jury re-
sulted in a verdict and judgment for $573.05 against
the defendant. A new trial having been denied, this
court made the writ of error sued out to operate as a
*supersedeas,* and the record of the trial in the Munici-
pal Court is before us for review.

The relations of Feldman and Nathan, as shown by
the evidence, were restricted to the following dealings.

Feldman in 1906 invented a new kind of a "cigar
price tag," and being without funds to exploit his in-
vention, applied to Nathan for assistance. Nathan ac-
quired by purchase a one-half interest in the invention
by advancing Feldman money with which to procure
his invention to be patented and to have manufactured
25,000 of the tags. Under the agreement then made,
the tags, when manufactured, were to be delivered to
Nathan and sold under his direction, the proceeds to
be applied to the payment of the money expended in
procuring the patent and the making of dies and cuts
and the manufacture of the tags. Feldman was to
assist in marketing the 25,000 tags, and whatever
money remained, if any, after Nathan was reimbursed
for the expenditures above mentioned, was to be
divided equally between Feldman and Nathan. Nathan
sold the tags under the name of "Cigar Price Tag Co."
The patent expenses and the cost of the 25,000 tags
were paid for by Nathan, according to the understand-
ing. The plaintiff manufactured the 25,000 tags and
was paid by Nathan with checks of the Chicago Brush
Co., a business concern of which he was a member.

The indebtedness sought to be recovered was con-
tracted by Feldman subsequent to the foregoing trans--
action. There is no evidence connecting Feldman with
the latter order at all. The tags lastly ordered were

delivered to Feldman and bills made out and sent to
him. With these last ordered tags Nathan had no
concern. After plaintiff had unsuccessfully pressed
Feldman for payment, it took his note for the whole
amount, and not until after the maturity of this note
and the failure of all efforts of plaintiff to collect the
debt from Feldman did it make any claim that Nathan
was obligated for payment of the debt as a partner of
Feldman in the transaction. Plaintiff used the depo-
sition of Nathan in support of his case, and is conse-
quently bound by it. Nothing in the record overcomes
Nathan's statements as to the nature of his dealings
with Feldman and their limitation, but on the contrary
every material fact is consistent with Nathan's testi-
mony. The verdict of the jury is manifestly contrary
to the probative force of the evidence and the judg-
ment rendered thereon erroneous.

The fact that Feldman and Nathan were jointly
interested in the letters patent covering the tag is of
no significance as affecting the question of partner-
ship. They may each act independently of the other
in exploiting the patented article, and no liability will
result from one to the other or to third parties by so
doing, in the absence of any express agreement of part-
nership to the contrary. Fraser v. Gates, 118 Ill. 99;
Manufacturing Co. v. Wire Fence Co., 109 *ibid.* 71.

Persons may be interested in a joint enterprise with-
out necessarily becoming partners. A joint interest
in a special project, limited in character as well as
time, does not constitute a partnership. Special agree-
ments for particular adventures and joint undertak-
ings do not make a partnership. This rule has received
apt illustration by Chancellor Kent in his Commen-
taries, vol. 3, p. 33. He says: "A person may be
allowed in special cases to receive a part of the profits
of a business without becoming a legal or respon-
sible partner." A share of profits may be received as
an equivalent for rent. A clerk may receive an agreed
portion of profits in lieu of a fixed salary for services

rendered. A factor a percentage of sales as compensation. A seaman may take a share of the profits of a whaling expedition by agreement, in lieu of wages. In none of these, or similar cases, will the responsibilities of partners flow from such special agreements. Collyer on Partnerships, 14; Story on Partnership, sec. 32; Parker v. Fergus, 43 Ill. 437.

Neither Feldman nor Nathan at any time made any representation that they were partners, and as to a statement made by Feldman to third parties, out of the presence of Nathan, that they were partners, such statement, if made, would not be admissible against Nathan, to charge him with the liability of a partner. Lacking proof of partnership, the statements of Feldman made to others were inadmissible as evidence tending to charge Nathan as a partner with Feldman. Smith v. Hulet, 65 Ill. 495.

The joint account dealings between Feldman and Nathan, are, so far as plaintiff's rights are involved, restricted to the first order for 25,000 tags, the liability for which it is admitted Nathan discharged in full.

The evidence does not develop that there was any holding out in any manner, to plaintiff or any one else, by Nathan, that he was a partner of Feldman.

Defendant Nathan's motion to instruct the jury to return a verdict in his favor should have been granted, as the proofs failed to establish any liability in Nathan for the debt sought to be enforced against him.

The judgment of the Municipal Court is reversed.

*Reversed.*