## William Hudleson, Appellant, v. George W. Boston, Ap= pellee.

PARTNERSHIP—*when does not exist as to third persons.* Persons are not liable as partners to third persons unless they are in fact partners *inter se* or have held themselves out as partners under such circumstances as to estop them from denying that they were partners.

Action commenced before justice of the peace. Appeal from the Circuit Court of Williamson county; the HON. W. W. CLEMENS, Judge, presiding. Heard in this court at the October term, 1911. Reversed. Opinion filed March 21, 1912.

PILLOW, SMITH & STONE, for appellant.

NEELY, GALLIMORE, COOK & POTTER, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This cause was tried in the Circuit Court on an appeal from a justice, and resulted in a verdict and judgment for appellee who was the plaintiff below. The

main question in the case arises upon the claim of appellee that appellant is liable as a co-partner for the alleged negligent act of one Powell, and if there was no such relation between them as to third parties it will not be necessary to pass upon other questions raised by appellant in his assignment of errors. The evidence upon this question shows the following undisputed state of facts. Appellant was the owner of an automobile. About a month prior to the day of the accident out of which this suit arose, appellant let Powell take the machine to run and use exclusively during the season, upon the further agreement that Powell pay him one-half he made out of it. On the day of the accident Powell was running the machine along the highway and had with him appellant and two others who were passengers for hire. At that time Powell was running the machine under his agreement with appellant, and appellant was riding with him as an invited guest, and was taking no part in running it. Appellant calls his agreement with Powell a leasing or renting of the machine. There is no evidence that appellant was to share any of the expense or any losses if any resulted.

There is no evidence that appellant was held out to the public as a partner either by himself or Powell, and the question of liability arising therefrom even where the parties are not partners *inter sese* does not arise here.

It may be safely assumed we think that there was no partnership as between the parties themselves, and this case must depend upon whether the agreement above set forth in law constitutes a partnership as to third parties, so as to make appellant liable for the tort of Powell in the management of the machine.

The question whether a share in the profits alone makes a party liable as a partner to third parties, has been a fruitful subject of discussion by courts and text writers, and it would be futile to attempt by citation

of authorities, to harmonize the apparently conflicting rules and principles to be found.

Kent in his Commentaries Vol. 3, page 33, says: ''A person may be allowed in special cases to receive part of the profits of the business without becoming a legal or responsible partner. Thus a party may by agreement receive by way of rent a portion of the profits of a farm or tavern without becoming a partner.''

Many of the older text and opinion writers seem to be in conflict with this principle, and they hold that any sharing of the profits subjected the parties to liability as partners to third persons. It is said in the text of the Am. and Eng. Ency. of Law (2d ed.) Vol. 22, page 20, that this doctrine has undergone a change, and that the modern rule is, that persons are not liable as partners to third persons unless they are in fact partners *inter se,* or have held themselves out as partners under such circumstances as to estop them from denying they were partners.

This text is there said to be supported by the citation of many state authorities, and by the leading English case of Cox v. Hickman, 8 H. L. 268, which it is said was the beginning of the modern doctrine.

In commenting on the case of Cox v. Hickman and other cases cited, it is said in Fougner v. First National Bank of Chicago, 141 Ill. 124, that all the contrary decisions are reconcilable on the distinction, that in the class of cases where a party has been held liable as a partner on account of receiving a share of the profits, there was a proprietary interest in the business. While in the class of cases where he was not so held it was a mere hiring of services, property or money to be paid for out of the profits of the business in which it was engaged. The opinion in this case also quotes Shaw v. Galt, I. R. 16, C. L. 375, as follows: ''A partnership even as to third parties is not constituted by the mere fact of two or more persons participating in or being interested in the net profits of a business, but that the

existence of such partnership implies also the existence of such a relation between such persons as that each of them is a principal and each an agent for the other.'' It is further said in the opinion (on page 128) : ''Sharing in the profits is the test. That however is also subject to the qualification, that it must be a sharing in the profits, as distinguished from merely making the profits the measure of compensation for services, or for the use of property or money in the business.'' The trend of authority in this state is in harmony with the principles above quoted.

In Smith v. Knight et al., 71 Ill. 148, the case was between the alleged partners and a third party. In that case Knight Baker & Co. agreed to advance to Hennersheets money to aid him in a commission business which Hennersheets was to repay with interest and to divide the commissions made in the business after the payment of expenses. It was held that Knight Baker & Co. were not partners and not being held out as partners they were not liable to third parties. The court in this case cites Adams v. Funk, 53 Ill. 219, where it was held, that where one party was to furnish the money, the other to purchase cattle with it, and the party furnishing the money was to have it returned with interest together with one-half the profits on the sale of the cattle, they were not partners.

In Parker v. Fergus, 43 Ill. 437, it was held that where a party received part of the profits of the business as a mode of paying rent he was not a partner.

Chicago Die and Electric Co. v. Nathan, 141 Ill. App. 171, involved the liability of alleged partners to third persons. In that case Nathan purchased a one-half interest in an invention of Feldman to make cigar tags. The latter was to manufacture twenty-five thousand tags. Nathan was to sell them, the proceeds to be used in paying the expense of procuring the patent and manufacturing the tags, and the remainder of the profits to be divided equally between them. It was

held no liability of Nathan to third parties arose out of the agreement, in the absence of any holding out to others that they were partners.

The evidence in this case in our opinion shows nothing more than a letting of the machine by appellant to Powell for the summer for one-half the profits earned by him as compensation for its use. There was no community of interest in the property, no sharing of losses, no control over the business by appellant, and neither was the agent of the other in the enterprise. In the light of the authorities cited which we hold to be correct rule, there could be no liability of appellant as a partner for the wrong complained of.

The judgment is reversed.

*Reversed.*

We find as an ultimate fact that appellant was not a partner of Powell and was not liable for the injury complained of in the declaration.