Louise Chenoweth, Residuary Legatee and Devisee of the Last Will and Testament of Cassidy Chenoweth, Deceased, Appellant, v. Will Chenoweth and The Millikin Trust Company, Executor of the Last Will of Cassidy Chenoweth, Deceased, Appellees.

Gen. No. 8,262.

Opinion filed January 24, 1929.

REDMON & REDMON, for appellant; RUSSELL R. RENC of counsel.

LE FORGEE, BLACK & SAMUELS, for appellees.

MR. PRESIDING JUSTICE NIEHAUS delivered the opin ion of the court.

This appeal is prosecuted from a judgment of the circuit court of Macon county, allowing a claim of the claimant Will Chenoweth for the sum of $11,690 as a claim of the sixth class against the estate of Cassidy Chenoweth, deceased. The claim as filed against the estate included $4,740 which Dr. Cassidy Chenoweth had received as rent for an apartment over the offices where he and the claimant practiced medicine; and $6,950 for one-half of the amount of the rental value of the offices in the same building, occupied by the par-

ties as partners from May 1, 1913, to September 1, 1925.

After the allowance of the claim, it was stipulated by the parties to the controversy, that the item $4,740 rent received by the deceased was properly allowed; and that the only question in dispute remaining in the controversy was the claim for one-half the rental value of the main floor of the building occupied by the deceased and the appellee for the practice of medicine.

The appellant, concerning the controverted item of $6,950, states in his brief that the record with reference to this item discloses the following facts:

"On April 26, 1912, Cassidy Chenoweth executed and delivered to William J. Chenoweth a warranty deed conveying the premises upon which is situated the building used by Dr. Cass and Dr. Will Chenoweth at the time of Dr. Cass Chenoweth's death as their offices in the practice of medicine. There is no evidence in the record of any partnership existing between Dr. Cass and Dr. Will Chenoweth until January, 1918, nor is there any evidence of either one of them occupying the above premises until that date. The testimony of Bertha Falk, who was office girl there from January, 1918, until the death of Cassidy Chenoweth in August, 1925, discloses a partnership between the doctors during this period.

"On October 31, 1922, Dr. Cassidy Chenoweth duly executed his last will and testament. Under the provisions of this will he gave and bequeathed to his son, Dr. Will Chenoweth, all of the assets and equipment of their partnership, excepting his interest in all book accounts, including all moneys due or owing to himself or the medical firm. He further devised and bequeathed, after bequeathing a certain legacy to another son, the rest and remainder of his property, both real and personal, to his wife, Louise Chenoweth, the appellant herein.

"The record further discloses a statement signed by Cassidy Chenoweth, dated December 14, 1922, on a piece of stationery bearing the heading 'Drs. Cass and Will Chenoweth, 129 East Williams Street, Decatur, Illinois,' as follows:

" 'That my estate shall repay my son, Will, the rent collected, and the office rent unpaid. This is a statement of the facts of the partnership of myself and son, Will. Our receipts from our practice we divide equally. I have always received the rent for the rooms above our offices. My son has never been paid the rent for the use of our office.

Cassidy Chenoweth.'

"On March 3, 1925, Dr. Cass Chenoweth and Dr. Will Chenoweth entered into a written partnership agreement under which it was agreed that the partners would continue in business for a period of five years from March 1, 1925, for the purpose of practicing medicine under the name of 'Cass & Will Chenoweth.' Under this agreement each of the partners would be liable for one-half of the expenses and losses, and entitled to one-half of the profits of the partnership. It was provided that if either of the partners should die before the end of the term of five years the surviving partner was to pay all partnership debts, and to own as his own property all of the business assets of the partnership, including accounts receivable, and would not be required to account for any partnership assets or proceeds. This agreement further contained a clause stating that nothing contained should be construed in any way to affect, alter, modify or change any or either of the writings, instruments or conveyances made by them or either of them prior to the date of this agreement in relation to any matters affecting the rights of others; and it further provided that they and each of them ratify, confirm and approve each and every of said writings, instruments and conveyances according

to the tenor and effect of the same as expressed by said writings, instruments and conveyances.''

It is insisted by the appellant that the claim referred to is an indebtedness of the partnership existing between the appellee Will Chenoweth and the deceased, Cassidy Chenoweth, prior to the death of Cassidy Chenoweth, which occurred in August, 1925. But it clearly appears from the evidence that the matter of the rent for the offices in the building owned by the appellee and used by the copartnership in the practice of medicine never entered into or became a part of the partnership transactions, and by the action of the parties themselves it was eliminated therefrom; and that Cassidy Chenoweth, the deceased, by the writing hereinbefore set forth, acknowledged his personal liability to pay one-half of the rent due for the offices which the copartnership occupied and thereby made it his individual obligation to be paid out of his estate. We are of opinion therefore, in this condition of the record, that the item in the claim referred to was a proper and legal charge against the estate of the deceased, and not an unsettled partnership matter. What was said by the court in *Carpenter v. Wells,* 65 Ill. 451, appears to be distinctly applicable to this phase of the controversy: ''The proof is overwhelming, whatever the intention of the parties may have been at the outset, that this sum never did go to the credit of the appellee on the books of the concern, nor was it used in the concern during the continuance of their partnership. It is a bald case of a promise to pay an honest debt, and that promise unfulfilled. This $800, as the proof conclusively shows, never did go into the firm account, or into the business of the firm. If it did, it was the duty of the appellant to show it by competent testimony. This he has wholly failed to do.'' It is well settled law that where a transaction is a matter which has by the agreement of the parties become an

individual obligation distinct and separated from the matters involved in the partnership, that the rule invoked by the appellant does not apply. *Meyers v. Winn,* 16 Ill. 135; *Wells v. Carpenter,* 65 Ill. 447; *Purvines v. Champion,* 67 Ill. 459; *Tichenor v. Newman,* 186 Ill. 264; *Townsend v. Gregory,* 132 Ill. App. 192; *Berry v. De Bruyn,* 77 Ill. App. 359; *Johnson v. Campbell,* 13 Ill. App. 120.

For the reasons stated, judgment is affirmed.

*Judgment affirmed.*