Meyer Brooks, Appellant, v. R. A. Watson, Appellee.

Gen. No. 39,068.

Opinion filed November 30, 1936.

EWART HARRIS, of Chicago, for appellant.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover $2,565.76 which he claimed was for $489.62 plaintiff had advanced to defendant for his share of anticipated profits, and one-half of the loss sustained by the parties in a joint venture in buying and selling apples. At the conclusion of plaintiff's evidence the court held that because a partnership accounting was involved he had no jurisdiction—that such a suit was cognizable only in a court of equity. The suit was then dismissed at plaintiff's cost and he appeals.

The record discloses that on September 26, 1931, plaintiff and defendant entered into a written agreement whereby they were to buy and sell apples, each performing certain work in connection therewith,

plaintiff to furnish all the money, and they were to divide the profits equally, or, in case there was a loss, each should stand one-half of the loss. The apples were purchased and sold, plaintiff furnished all the money, and there was a loss of $4,152.28. Plaintiff furnished defendant with a statement of the amount and demanded payment, which was refused. Defendant filed an affidavit of merits in which he admitted the making of the contract but interposed as a defense that plaintiff did not perform his part of the contract because he failed to consult defendant as to the disposition of the apples; that plaintiff did not sell the apples at prices mutually agreed upon by the parties, as the contract required.

At the beginning of the trial counsel for defendant suggested that the case was one over which a court of law had no jurisdiction because it involved a partnership which was cognizable only in a court of equity.

The record discloses that plaintiff was in the produce business at 938 W. Randolph street, Chicago, and defendant was connected with another concern engaged, among other things, in the storage business, and stored apples. The apples were purchased from the owners of orchards in Illinois; they were picked and for a time stored in the storage house of the concern with which defendant was connected, the storage company making the customary charges for such services. The transactions began in September, 1931, and were closed in January, 1933, when all the apples had been sold. On March 31, 1933, plaintiff submitted a statement to defendant showing the loss and the amount claimed as above stated. The principal business of plaintiff and defendant was in no way connected with the purchase and sale of the apples. The transactions and the proving up of the cost and expenses of buying and selling the apples were very simple and in no way involved, and there is no reason apparent why a court

of law was not as competent to pass on the question as a court of equity would be. The relation between the parties was not that of a true partnership, but clearly one of joint venture. *Townsend v. Gregory,* 132 Ill. App. 192; *Chicago Die & Electric Co v. Nathan,* 141 Ill. App. 171; *Frey v. Potter,* 12 R. I. 542; *Burleigh v. Bevin,* 48 N. Y. S. 120.

The *Townsend v. Gregory* case was an action in assumpsit. The parties entered into an agreement whereby plaintiff was to have a certain part of the net profits received from a certain contract. The court said (p. 193): "Defendants and plaintiff had separate offices and were engaged in business other than that pertaining to the construction contract . . . There was no general partnership between them. Their joint interests were limited to the matters to be exploited under the contract between them. It was a special joint deal and undertaking—a joint enterprise as distinguished from a general partnership." One of the contentions made was, "That the suit involves a partnership accounting, of which a court of equity alone has jurisdiction." The court held the contention untenable and said (p. 196): "It is clear from the testimony of Gregory and the documentary evidence that there was no general partnership between the parties to this record. They were jointly interested in an enterprise, it is true, but to that alone their joint interest was circumscribed." The evidence there showed that the work involved in the enterprise had been completed and there was $15,000 remaining for division. The court continuing said (p. 197): "Where the partnership has ended and the accounts are not complex, . . . a court of law has jurisdiction. It may be that in such a condition there would be concurrent jurisdiction of equity and law. In such an event the aggrieved party may elect to which tribunal he will resort in an assertion of his rights." To the

same effect is the holding in the *Nathan* case (141 Ill. App. 171) where it was held that a joint interest in a special project limited in character did not constitute a partnership.

*Frey v. Potter,* 12 R. I. 542, was an action in assumpsit to recover one-third of the losses of a joint speculation. The parties there had entered into a written agreement that they should share equally the profits or losses. All of the money was advanced by one of them for the purchase of land involved in the enterprise. It was later sold at a heavy loss. The defendant there moved for a nonsuit on the ground that an action of assumpsit would not lie to recover money due from one partner to another unless the account were settled. The lower court denied this contention, and on appeal the judgment was affirmed. The court there said (p. 543) : ''There was no general co-partnership, but only an agreement to share the gains and losses of a particular adventure, the entire capital for which was furnished by plaintiff's testator. There were no joint debts or liabilities, and no mutual claims subsisting to be adjusted. The transaction was closed, and the losses ascertained. Nothing remained for the defendant to do but pay his share of them. The case is not intrinsically distinguishable from an ordinary case in *assumpsit,* and, even without precedent, we should have little difficulty in maintaining the action. There are, however, respectable precedents for it.''

In *Burleigh v. Bevin,* 48 N. Y. S. 120, plaintiff brought suit against the defendant to compel payment of part of a loss sustained in the purchase and sale of stock. It was contended that an action in law would not lie before the settlement of the accounts between them. This contention was denied, the court saying (p. 120) : ''They admit the agreement; the purchase and sale of the stock; that all of the money was pro-

vided by plaintiff; that a loss was sustained in the amount named; that this loss has all been paid by plaintiff; and that under the agreement one-third was to be paid by their testator. They also admit that this constitutes the whole transaction, and that it is closed. . . . did the transaction in question, under the agreement referred to, constitute the parties to it partners in such a sense as to bring them within the reason of the rule above referred to? I think not. There was no general 'partnership' in the sense in which that word is usually understood. The agreement was simply to share the profits and bear the losses of a single transaction. There were not and could not be any joint debts or mutual accounts to be adjusted. After the sale of the stock nothing remained to be done except to divide the profits or contribute to the losses, and no good reason can be assigned why an action at law, under such circumstances, should not be maintained to recover a proportionate share of the losses sustained or profits made.''

In *Bracken v. Kennedy,* 3 Scamm. (4 Ill.) 558, it was held that one of the reasons why one partner could not sue a partnership was that he could not be both plaintiff and defendant. The court, in giving the reason for the rule, there said (p. 563): ''and the reason is, that one man can not occupy the double position of plaintiff and defendant at the same time.''

It is clear that the case at bar could have been as easily disposed of in a court of law as in a court of equity. Under the authorities above stated, and many others, the court had jurisdiction and it was error to dismiss the suit.

The judgment of the municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.